## NEU ET AL. v. TOWN OF BOURBON ET AL.

[No. 19,577.   Filed November 26, 1901.]

APPEAL AND ERROR.—*Failure of Appellee to File Brief.*—Where the appellee fails to file a brief within the time allowed in support of the judgment, such failure may be accepted and deemed to be a confession of the errors assigned by the appellant, and the Supreme Court, in the exercise of its discretion, may reverse the judgment without considering the appeal on its merits.

From Marshall Circuit Court; *A. C. Capron,* Judge.

Suit by Charles H. Neu and others to enjoin the town of Bourbon from carrying out a plan to purchase or construct a system of water-works and electric light plant. From a judgment for defendants, plaintiffs appeal. *Reversed.*

*C. P. Drummond,* for appellants.

JORDAN, C. J.—Appellants as resident taxpayers of the incorporated town of Bourbon sought to enjoin the town, together with its board of trustees, from carrying out a certain scheme or plan whereby it was to construct or purchase a system of water-works and an electric light plant for said town, and thereby incur an indebtedness in excess of two per cent. of its taxables, all, as asserted, in violation of appellants' rights as guaranteed by article 13 of the State Constitution, which prohibits municipal corporations from becoming indebted in excess of two per cent., etc.

The complaint is in four paragraphs, and, in the main, proceeds upon the theory that the proposed scheme which

defendants had undertaken would result in creating an indebtedness against the town in violation of the prohibition of said article of the Constitution. The fourth paragraph, under the facts therein alleged, is to the effect that the water-works sought to be purchased by appellee were incomplete and defective, and by accepting the same the town would exceed its powers, and would perpetrate a fraud upon its taxpayers. The court, upon the trial, made a special finding of facts and stated conclusions of law thereon. By the first conclusion the court held adversely to appellants on the first three paragraphs of their complaint, and against appellees on the fourth paragraph. The only error presented and relied upon for reversal is based on the first conclusion of law.

Appellants have filed a voluminous brief wherein they argue and contend that, under the facts as disclosed by the special finding, the scheme entered into by the board of trustees of said town and the Bourbon Water and Light Company is in contravention of said article 13 of the Constitution and thereby their rights guaranteed thereunder are impaired.

This cause was submitted on March 15, 1901, and on May 14th following appellants filed their brief. Appellees, under the rules of this court, were allowed ninety days after the submission of this appeal to file a brief, but none appears to have been filed by them during that period, and no request thereafter was made by them to file a brief, and the fact is that no argument whatever, by a brief or otherwise, has been presented by appellees to sustain the judgment rendered in their favor by the trial court. In this respect they are wholly in default, and, under the circumstances, we are left unaided by them in considering and determining the constitutional question herein involved and elaborately discussed by appellants' counsel. This neglect on the part of the appellees is inexcusable, and is violative of the rule declared by this court in *Berkshire* v. *Caley, ante,*

1, which decision was announced quite a while before the limit for the filing of a brief by appellees had expired. In that appeal, in referring to the neglect of the appellee therein to file a brief, we said: "This neglect is to be regretted, and meets our positive disapproval. Where a successful party in the lower court, when the case has been appealed by his adversary to this court, becomes so indifferent or derelict as to fail to prepare and file within the time allowed a brief or argument in support of the judgment assailed, such failure or default upon his part may be accepted and deemed to be a confession of the errors assigned by appellant, and this court, in the exercise of its discretion, may reverse the judgment without considering the appeal on its merits. We do not in this appeal enforce the rule here declared, but parties should be admonished in respect to its enforcement in the future and govern themselves accordingly."

Consequently all party appellees who are interested in appeals pending in this court must remember that this rule will be enforced, unless this court, upon a proper showing, is satisfied that the neglect in question is excusable. It follows, therefore, from the enforcement of the rule announced in that appeal that appellees' default herein must be accepted and deemed to be a confession upon their part of the error assigned in this cause, and the judgment below, so far as it is adverse to appellants, is accordingly reversed, at the cost of the appellees, but without prejudice to either party. The cause is ordered to be remanded to the lower court for further proceedings.