## The People's National Bank of Princeton v. State, ex rel. Emerson et al.

[No. 19,796. Filed October 29, 1902.]

APPEAL.—*Failure of Appellee to File Brief.—Confession of Error.—*Where the appellee, within the time allowed, fails to file a brief in support of the judgment assailed, such failure may be regarded as a confession of error, and the cause reversed without considering the appeal on its merits.

From Vanderburgh Superior Court; *G. A. Cunningham,* Special Judge.

Mandamus by the State on the relation of Alexander Emerson and another to compel an inspection of bank books for the purpose of taxing deposits. From a decree for plaintiffs, defendant appeals. *Reversed.*

*J. H. Miller* and *J. E. McCullough,* for appellant.

DOWLING, C. J.—This is a proceeding by the appellees, who were, respectively, the assessor and the auditor of Gibson county, for a writ of mandamus to compel the appellant

to grant to them an inspection of its books showing the names of its depositors, and the amounts to their credit on April 1, 1899. The action was brought in the Gibson Circuit Court in September, 1899, and a change of venue was taken to the superior court of Vanderburgh county. An alternative writ was issued, to which the appellant made its return in nine paragraphs; the first being a general denial, and the others setting up special matters of defense. Demurrers to all of the special answers were sustained. The cause was tried upon the issue made by the general denial, and judgment directing the issuing of a peremptory writ of mandate was rendered.

The defendant below appealed, and filed its transcript in this court on the 6th day of March, 1902. Nine errors were properly assigned. On June 2, 1902, printed briefs for the appellant were filed, in which the supposed errors of the trial court were fully discussed. Two hundred days have elapsed since the submission of the cause, and, although the questions raised by the assignment of errors and presented by counsel for appellant in their briefs are important ones, no brief has been filed on behalf of the appellees, and no attention has been given by them to this appeal.

In view of the failure of the appellees to controvert any of the grounds upon which a reversal of the judgment is demanded, we feel justified in regarding their silence and neglect as a confession of error; and under the rules of this court as announced in *Berkshire* v. *Caley,* 157 Ind. 1, and *Neu* v. *Town of Bourbon,* 157 Ind. 476, without intending to express any opinion upon the questions of law presented in the record, we reverse the judgment at the cost of the appellees, but without prejudice to either party. Cause remanded to Vanderburgh Superior Court for further proceedings.