## James et al v. Nugent.

[No. 4,391.　Filed April 23, 1903.]

From Orange Circuit Court; *W. C. Utz*, Special Judge.

Application by Frederick R. Nugent for liquor license. From a judgment reversing order of board of commissioners granting the license, remonstrators appeal. *Reversed.*

*C. J. Orbison, E. F. Ritter, Newton Crooke* and *J. L. Meginity*, for appellants.
*W. W. Woollen* and *Evans Woollen*, for appellees.

Comstock, J.—On March 4, 1901, the appellee Frederick R. Nugent made application to the board of commissioners of Lawrence county for a license to sell intoxicating liquors in less quantities than five gallons at a time, in the town of Mitchell, Marion township, Indiana. Due notice of his intention to apply was given by said applicant twenty days prior to said above date by publication in the Mitchell Tribune, a weekly newspaper, published in said town. On March 1, 1901, three days prior to the meeting of said board of commissioners, at which the said application was to be heard, the appellants filed with the auditor of said county, their remonstrance in writing, protesting against the granting of a license to said applicant, said remonstrance containing a majority of the legal voters of said Marion township. Together with the said remonstrances was filed the following: "To the Honorable Board of County Commissioners of Lawrence county, Indiana: Greeting—I herewith submit the within remonstrance, each name to which is signed by me by virtue of an empowerment granted me by the persons whose names are here signed, all of which is respectfully submitted. Witness my hand this 1st day of March, 1901. H. E. Woolheater," together with a copy of the power of attorney, referred to therein. The commissioners refused appellee his license. He appealed to the circuit court of Lawrence county and upon change of venue the case was tried in the Orange Circuit Court. Appellee demurred to the remonstrance on the ground that it did not state facts sufficient to constitute a good remonstrance under the act of March 11, 1895, and the trial court sustained the demur-

rer.  The court then heard the appellee upon his application and found that he was entitled to a license and rendered judgment accordingly.

The errors assigned are (1) that the court erred in sustaining the demurrer to appellants' remonstrance and thus excluding the said remonstrance as evidence and from consideration for any purpose whatever in the case or on the trial; (2) the court erred in overruling appellants' motion for a new trial.

The remonstrance shows that all the names were signed by one H. E. Woolheater, acting as the agent of the persons whose names were attached to the remonstrance under a contract of agency.  The ruling upon the demurrer is the controlling question involved in this appeal.  Appellee has filed no brief.  At his request the cause was set for oral argument April 22, 1903.  At the date named his counsel stated in open court that he did not desire to make an oral argument in the cause for the reason that the Supreme and this Court had ruled on the validity of the power of attorney remonstrance involved in the case at bar.  Under *Ludwig* v. *Cory*, 158 Ind. 582 and *White* v. *Furgeson*, 29 Ind. App. 144, the trial court erred in sustaining the demurrer to the remonstrance.

The failure to file a brief or to make oral argument may fairly be held to be a confession of error.  *Neu* v. *Town of Bourbon*, 157 Ind. 476; *Berkshire* v. *Caley*, 157 Ind. 1.

Upon the authority of the above decisions the judgment is reversed, with instruction to overrule appellee's demurrer to the remonstrance.