## Union Traction Company of Indiana v. Forst, Executor.

[No. 20,315. Filed May 10, 1904.]

APPEAL AND ERROR.—*Failure of Appellee to File Brief.*—Where appellant files a brief and cites authorities to sustain its assignment of errors, asserting in its argument that the question presented is one which has not been decided by either the Supreme or Appellate Court, and appellee fails to file a brief or to offer any excuse for his neglect, the failure of appellee to file a brief will be deemed a confession of the error assigned and operate to reverse the judgment.

From Huntington Circuit Court; *J. C. Branyan,* Judge.

Action by the Union Traction Company of Indiana against Alfred Forst, executor of the last will and testament of Sarah Forst, deceased. From a judgment in favor of defendant, plaintiff appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Reversed.*

*J. A. Van Osdol, M. L. Spencer* and *W. A. Branyan,* for appellant.

JORDAN, J.—Appellant prosecuted this action in the lower court to set aside the probate of the last will and testament of Sarah Forst, and to revoke and cancel letters testamentary issued therein to appellee Alfred Forst. Appellee demurred to the complaint upon two grounds; (1) Want of capacity of the plaintiff to sue; (2) insufficiency of facts. The court appears to have sustained the demurrer upon both grounds, and, upon appellant's refusal to plead further, judgment was rendered against it on demurrer.

· The transcript was filed on March 28, 1903, and the cause was submitted on April 27. Appellant filed its brief on June 25, 1903. Ten months and over have elapsed since that date, but appellee has wholly failed to file any brief or to offer any excuse for his neglect.

Much argument is advanced and many authorities cited by counsel for appellant to establish the assignment that the court erred in sustaining the demurrer to its complaint. Its counsel assert that the question presented is one which has not been decided either by this or the Appellate Court. By reason of the failure of appellee to file a brief in the appeal, we are left wholly unaided, so far as he is concerned, in the determination of the questions presented. His neglect, therefore, under the circumstances, must be deemed to be a confession of the error assigned by appellant, and accordingly operates to reverse the judgment. *Berkshire v. Caley,* 157 Ind. 1; *Neu* v. *Town of Bourbon,* 157 Ind. 476; *People's Nat. Bank.* v. *State, ex rel.,* 159 Ind. 353; *Moore* v. *Zumbrum, post,* 696. See also, authorities cited in American Digest (Century ed.), §3110.

Without considering the questions presented, the judgment below is reversed, and the ruling on demurrer vacated at the cost of appellee, without prejudice to either party, and the cause is remanded to the lower court for further proceedings.