## Miller *v.* Julian.

[No. 20,429. Filed December 6, 1904.]

APPEAL AND ERROR.—*Failure of Appellee to File Brief.—Supreme Court Rules.—Reversal.*—Where the appellee negligently allows the time to pass by in which, by the rules of the Supreme Court (rule twenty-one), his brief is required to be filed, the cause will be reversed without prejudice to either party, such rule being for the protection of the court and not for the benefit of the appellant.

From Cass Circuit Court; *John S. Lairy*, Judge.

Action by Henry N. Miller against William A. Julian. From a judgment for defendant, the plaintiff appeals. Transferred from the Appellate Court under § 1337u Burns 1901.   *Reversed.*

*D. C. Justice* and *F. V. Guthrie,* for appellant.

*M. B. Lairy* and *M. F. Mahoney,* for appellee.

JORDAN, J.—Appellant appeals from a judgment of the lower court awarding appellee a recovery of money.

The errors assigned and argued for a reversal relate (1) to the overruling of the demurrer to the complaint; (2) the ruling of the court in striking out, upon appellee's motion, the fourth, fifth, sixth, and seventh paragraphs of appellant's answer and counterclaim; (3) overruling a motion in arrest of judgment; and (4) denying motion for a new trial.

Under these assignments counsel for appellant present and discuss various alleged errors of the trial court, and cite many authorities in support of their contentions. Appellee, without any excuse whatever, seems to have neglected to file any brief in this appeal, consequently appellant's contentions stand uncontroverted. It appears that in the Appellate Court, from which this cause has been transferred, appellee, after allowing the time for filing his brief to expire, presented an application to that court asking, as a matter of grace, and not as a matter of right, for an extension of time in which to prepare and file a brief. This request the court finally denied, and the cause was transferred to this court for decision without any brief on file in behalf of appellee; hence we are left unaided by him to solve the numerous questions herein involved. Appellant's counsel insist that we enforce the rule declared in *Berkshire* v. *Caley* (1901), 157 Ind. 1; *Neu* v. *Town of Bourbon* (1901), 157 Ind. 476; *People's Nat. Bank* v. *State, ex rel.* (1902), 159 Ind. 353; *Union Trac. Co.* v. *Forst* (1904), 162 Ind. 567; *Moore* v. *Zumbrun* (1904), 162 Ind. 696. Under the rule asserted and adhered to in the

cases above cited, the neglect of an appellee to file a brief controverting the errors complained of by an appellant may be taken or deemed to be a confession of such errors, and the judgment may accordingly be reversed, and the cause remanded without prejudice to either party. This rule was not declared in the interest of an appellant, but for the protection of the court, in order to relieve it of the burden of controverting the arguments and contentions advanced for reversal, which duty properly rests upon counsel for the appellee. The rule is not a hard and fast one, but is enforced only within the discretion of the court. Appellee in this appeal offers no excuse whatever, except that of mere negligence.

Without passing upon the merits of any of the questions presented, the judgment below is reversed, without prejudice to either party, and the cause remanded to the lower court for further proceedings.