## HANRAHAN v. KNICKERBOCKER.

[No. 5,047.    Filed January 27, 1905.    Rehearing denied March 17, 1905.]

1.    APPEAL AND ERROR.—*Appellate Court Rules.*—*Briefs.*—*Failure to File.*—The reversal of a cause for failure of appellee to file a brief within 90 days after the submission of such cause is within the discretion of the Court.    p. 139.

2.    SAME.—*Appellate Court Rules.*—*Briefs.*—*Failure to File.*—The failure of appellee to file a brief within 90 days from submission does not enlarge the appellant's right to a reversal.    p. 139.

3.    SAME.—*Right of Appellant to a Reversal.*—Before the appellant can claim a right to the reversal of the judgment of the trial court he must point out and establish by the record that the trial court committed a reversible error.    p. 139.

4.    EVIDENCE.—*Statute of Sister State.*—*Repeal.*—The repeal of §17, c. 64, Ill. R. S. 1845, is not shown by evidence of the repeal of "'An act for revising and consolidating the general statutes of the state of Illinois,' approved March 3, 1845, except chapter 104 entitled trespass," where it is not shown that said §17 was a part of such repealed act, nor any evidence given to overthrow the presumption that §17 was still in force.    p. 140.

5.    SAME.—*Parol.*—*Harmless Admission of.*—The erroneous admission of parol evidence to prove that a certain statute is still in force in a sister state is harmless where the evidence showing such statute was in force is uncontradicted.    p. 141.

6.    APPEAL AND ERROR.—*Weighing Evidence.*—An action on an account is "triable by a jury" and the Appellate Court can not weigh the evidence in such a cause under the act of 1903 (Acts 1903, p. 338), though it was tried by the judge below.    p. 141.

From Lake Superior Court; *Harry B. Tuthill,* Judge.

Action by William Hanrahan against John J. Knickerbocker.    From a judgment for defendant, plaintiff appeals. *Affirmed.*

*John A. Sweany* and *A. F. Knotts,* for appellant.
*Peter Crumpacker* and *Daniel J. Moran,* for appellee.

ROBINSON, P. J.—Transferred from the Supreme Court as authorized by §1337m Burns 1901, Acts 1901, p. 565, §13.

1. Appellant's motion to reverse the judgment because of appellee's failure to file a brief, which was postponed until final hearing, is overruled. Counsel cite a number of cases in support of the motion, but an examination of these cases discloses that they do not purport to declare a rule applicable alike to all cases on appeal, but that it is a rule "enforced only within the discretion of the court." Sometimes the rule has not been enforced (Berkshire v. Caley [1901], 157 Ind. 1); at other times it has been (Neu v. Town of Bourbon [1901], 157 Ind. 476; People's Nat. Bank v. State, ex rel. [1902], 159 Ind. 353; Union Traction Co. v. Forst [1904], 162 Ind. 567; Moore v. Zumbrun [1904], 162 Ind. 696; Miller v. Julian [1904], 163 Ind. 582).

2. In none of these cases does it appear that the case was reversed upon the motion of appellant. Moreover, it can not be said that such a rule gives to an appellant any additional right to a reversal. In Miller v. Julian, supra, the court said: "This rule was not declared in the interest of an appellant, but for the protection of the court, in order to relieve it of the burden of controverting the arguments and contentions advanced for reversal." As we understand these cases, they give an appellant no authority to claim as a right that the judgment be reversed because of appellee's failure to file a brief, for the reason that whether the case shall be reversed for such failure is wholly within the discretion of the court. We think it manifest, therefore, that whether a case shall be reversed for such failure necessarily depends upon the sound judgment of the court as to the particular case then under consideration. This being true, it can not be said that any rule, properly speaking, has been declared in the above cases. This court has not seen proper, either upon its own motion or upon the motion of appellant, to reverse a case for appellee's failure to file a brief.

3. Appellant's motion asks that the case be reversed solely upon the ground that appellee has failed to file a

brief, and this regardless of whether his appeal has been taken in the manner directed by the statute authorizing it, or whether the court has acquired jurisdiction over all the parties whose rights will be affected by its judgment, or whether appellant has filed any proper assignment of error or any error at all, or whether the record shows that reversible error was committed by the trial court. "All reasonable presumptions," said the court in *Aydelott* v. *Collings* (1896), 144 Ind. 602, "are made in favor of the rulings of the trial court, and, to entitle a party to the reversal of a judgment, he must point out and establish by the record that the trial court committed a reversible error." This has long been the rule in this State. See *Trayser* v. *Trustees, etc.* (1872), 39 Ind. 556; *Lake Shore, etc., R. Co.* v. *Cincinnati, etc., R. Co.* (1889), 116 Ind. 578; *Lime City, etc., Assn.* v. *Black* (1894), 136 Ind. 544, and cases cited; *Harter* v. *Eltzroth* (1887), 111 Ind. 159; *Cline* v. *Lindsey* (1887), 110 Ind. 337; *Lake Erie, etc., R. Co.* v. *Juday* (1900), 24 Ind. App. 469; *Martin* v. *Martin* (1881), 74 Ind. 207; *Allen* v. *Gavin* (1892), 130 Ind. 190; *State* v. *Van Cleave* (1902), 157 Ind. 608; *Evansville, etc., R. Co.* v. *Lavender* (1893), 7 Ind. App. 655; Elliott, App. Proc., §710, and cases cited; Ewbank's Manual, §198, and cases cited. This was a suit by appellant for a recovery of money. Appellee was given a judgment for costs. The questions relied upon for a reversal arise under the motion for a new trial.

4. In support of a paragraph of answer evidence was introduced to show that the claim sued on was an amount due appellant for intoxicating liquor sold at retail by appellant to appellee. The sales were made in Illinois, and appellee introduced in evidence section seventeen of chapter sixty-four of the Illinois Revised Statutes of 1845, which provided that all accounts of retailers of spirituous liquors for a greater amount than fifty cents should be void; that

no court should entertain jurisdiction of any such account. Appellant's counsel then introduced in evidence a certain page from the revised statutes of Illinois of 1874, for the purpose of showing that the above section seventeen had been repealed. This repealing act, which is set out in the record, states that "the following acts and parts of acts are hereby repealed." This is followed by a number of acts, each set out by title only, with the date it was approved or was in force. One of these titles reads: " 'An act for revising and consolidating the general statutes of the state of Illinois', approved March 3, 1845, except chapter 104 entitled 'trespass.' " Whether section seventeen was a part of the act of which the above is the title is not made to appear. Nor does it appear from any evidence of what act this section was a part. This evidence does not show that section seventeen was repealed, nor is there any evidence to overthrow the presumption that this section continued in force and was in force at the time of the trial.

5.  If, therefore, the parol evidence offered by appellee to prove that section seventeen was still in force was erroneously admitted, the error was harmless, for the reason that the evidence by which that fact had already been established was uncontradicted, and the fact was proved without reference to the parol testimony of which complaint is made.

6.  The remaining question argued is upon the sufficiency of the evidence to sustain the court's conclusion. This is not a case where the appellate tribunal is required to weigh the evidence, as provided in section eight of the act approved March 9, 1903 (Acts 1903, p. 338). It is true the case was tried by the court, a jury having been waived. But it is a case that was "triable by a jury," and the above section requires the appellate tribunal to review the evidence "in all cases not now or hereafter triable by a jury." The evidence is quite lengthy, and upon the material questions

in the case it is not claimed that it is not conflicting. As there is evidence to support the court's finding in every material respect, we are not authorized to disturb it upon appeal.

Judgment affirmed.