CLEVELAND, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY *v.* WUEST, BY NEXT FRIEND.

[No. 6,210. Filed December 19, 1907.]

1. ATTORNEY AND CLIENT.—*Officers.*—*Duties to Court.*—An attorney is an officer of the court, and it is his duty to assist the court to arrive at the justice of the litigation to which his client is a party. p. 694.

2. APPEAL.—*Briefs.*—*Appellate Court's Right to Require.*—*Costs.*— The Appellate Court may order the filing of a brief by the appellee, the costs occasioned thereby being taxable to appellee. p. 694.

From Ripley Circuit Court; *Willard New*, Judge.

Action by William Wuest, by his next friend, against the Cleveland, Cincinnati, Chicago & St. Louis Railway Company. From a judgment on a verdict for plaintiff for $2,000, defendant appeals. *Brief ordered.*

(For decision on merits see — Ind. App. —.)

*L. J. Hackney, John O. Cravens* and *Thomas S. Cravens,* for appellant.

*J. H. Connelly,* for appellee.

PER CURIAM.—The transcript herein contains 555 typewritten pages. Appellant has filed a printed brief of 53 pages. The attorney who acted for appellee in the trial court appears for him in this court. No brief has been filed for appellee, and the judgment might be reversed under the rule declared in *Hanrahan* v. *Knickerbocker* (1905), 35 Ind. App. 138, and *McAfee* v. *Bending* (1905), 36 Ind. App. 628.

An attorney is an officer of the court. He possesses, as such, certain privileges, and is protected by the court in the discharge of his duties. He owes a corresponding duty both to the court and to his clients. There is a letter on file in this case, signed by the attorney for appellee, stating that he "does not desire to file any brief, as the record shows no error and the causes may be distributed at any time." To accept this as a confession of error may result in hardship to the client, because of the failure of the attorney to discharge his duty; and, in the exercise of the inherent discretion relative to such matters, the order made herein will not be for the attorney to show cause, as it well might be, but will be directed to the appellee.

It is therefore ordered that the appellee file a brief upon the merits of this appeal within sixty days from this date, and the clerk is directed to cause a certified copy of this order to be served upon the appellee personally, and all costs caused hereby are taxed to appellee.