## COBE, RECEIVER, v. MALLOY.

[No. 6,419.    Filed June 2, 1909.]

1. APPEAL.—*Briefs.*—*Failure to File.*—The failure of appellee to file a brief may constitute a cause for reversal.   p. 10.

2. PLEADING.—*Complaint.*—*Negligence.*—*Cause Arising in Foreign State.*—*Presumptions.*—*Procedure.*—A complaint for personal injuries sustained in another state which fails to set out any statute of such state as the basis of the action, is presumed to be based upon a common-law liability, and the action will be controlled by the laws of procedure of this State.   p. 10.

3. PLEADING.—*Answer.*—*Demurrer to.*—*Defective Complaint.*—*Effect.*—A demurrer to an answer will be carried back and sustained to the complaint, where such complaint is defective.   p. 10.

Cobe *v.* Malloy—44 Ind. App. 8.

4. PLEADING.—*Complaint.—Negligence.—How Shown.*—Negligence may be pleaded in general terms, or the facts showing a necessary inference of negligence may be alleged. p. 11.

5. PLEADING. — *Complaint. — Negligence.—Street Railroads.—Running Over Persons.*—A complaint alleging that while plaintiff was attempting to go upon one of defendant's street-cars she went in front of such car while it was standing, and that defendant started such car without the ringing of the bell or sounding of the gong, or the giving of any other warning, and ran it against plaintiff, to her damage, fails to state a cause of action. p. 12.

6. PLEADING.— *Complaint.— Definiteness.— Words and Phrases.—"Near."*—A complaint alleging that defendant street railroad company started its car while plaintiff was in front thereof and "near" such car, is bad, the word "near" being too indefinite. p. 13.

7. STREET RAILROADS.—*Starting Cars Without Warning.—Negligence.*—The starting of a street-car while a person is crossing the track in front thereof might or might not be negligence. p. 13.

From Lake Superior Court; *Harry B. Tuthill,* Judge.

Action by Catherine Malloy against Ira M. Cobe, as receiver of the Calumet Electric Street Railway Company. From a judgment on a verdict for plaintiff for $500, defendant appeals. *Reversed.*

*Leonard A. Busby* and *A. F. Knotts,* for appellant.

MYERS, J.—Appellant, as receiver of the Calumet Electric Street Railway Company, appointed by the circuit court of the United States, and by that court authorized to carry on the business of said company, while so engaged in operating and running the cars of said company at the city of Chicago, ran one of said cars against appellee, injuring her, whereupon she brought this action in the court below against appellant to recover damages on account of said injuries alleged to have been caused by the negligence of appellant.

The complaint was in one paragraph, to which the record shows a demurrer was filed. The demurrer is not in the record, and for that reason we will not consider the assignment based upon the action of the court in overruling it. The appellant filed an answer to the complaint in two para-

graphs, one in denial, and the other setting up affirmatively facts in bar of the action. A demurrer was sustained to the latter paragraph of answer, to which ruling the appellant reserved an exception, and has here assigned error of the court in failing to carry the demurrer to that paragraph of answer back to and sustain the same to appellee's complaint.

It may here be noted that appellee has not favored us with any brief in support of the judgment in this cause, and for this failure alone we would be authorized to reverse the judgment (*Union Traction 'Co.* v. *Forst* [1904], 162 Ind. 567; *Moore* v. *Zumbrun* [1904], 162 Ind. 696; *Miller* v. *Julian* [1904], 163 Ind. 582; *Ross* v. *Arford* [1909], 172 Ind. 269); but as such action is within the sound discretion of the court (*Hanrahan* v. *Knickerbocker* [1905], 35 Ind. App. 138; *McAfee* v. *Bending* [1905], 36 Ind. App. 628; *Cleveland, etc., R. Co.* v. *Wuest* [1907], 40 Ind. App. 693), we have concluded to consider the question presented as best we can without aid from appellee.

In a case like this, where the injury is said to have occurred in another state, and relief is sought in this State, and no statute of the foreign state is pleaded making the defendant liable for such injury, the action will be regarded as proceeding upon the theory of a common-law liability controlled and governed by the procedure of this State. *Burns* v. *Grand Rapids, etc., R. Co.* (1888), 113 Ind. 169; *Cincinnati, etc., R. Co.* v. *McMullen* (1889), 117 Ind. 439, 10 Am. St. 67; *Smith* v. *Wabash R. Co.* (1895), 141 Ind. 92; *Chicago, etc., R. Co.* v. *Vandenberg* (1905), 164 Ind. 470; *Wabash R. Co.* v. *Hassett* (1908), 170 Ind. 370.

It will no doubt be conceded that a demurrer for want of facts addressed to an answer will search the record and test the sufficiency of the complaint for want of facts to state a cause of action (*Gould* v. *Steyer* [1881], 75 Ind. 50; *McAfee* v. *Bending, supra*), and when prop-

erly assigned in an appellate court will be considered and applied to the complaint with the same force as a demurrer to the complaint alone. *Haymond* v. *Saucer* (1882), 84 Ind. 3; *Alkire* v. *Alkire* (1883), 134 Ind. 350. Enough of the record has been stated to indicate that the sufficiency of the complaint for want of facts is the first question to be considered.

Turning to the complaint, it will be seen that the only facts appearing in the complaint to show actionable negligence on the part of appellant are stated in the language following: That plaintiff, while attempting to go upon a street-car of said defendant and to take passage thereon for hire, started to cross the street in front of one of defendant's cars, while said car was standing; that said car was started by defendant without ringing the bell or sounding the gong, and without any other notice or warning, and while plaintiff was in front of and near to said car, and then and there and thereby run into and struck plaintiff with great force and violence, and thereby threw plaintiff with great violence upon the street, etc., describing her injuries.

In *Pennsylvania Co.* v. *Marion* (1885), 104 Ind. 239, it is said: "In all common-law actions, the basis of which is the negligence of the defendant, negligence or its equivalent must be directly averred, or such facts must be stated as that a presumption of negligence arises. It must appear from the complaint, either by direct averment or from the statement of such facts as to a certainty raises the presumption, that the injury was the result of the defendant's negligence, or that it was purposely committed." Citing cases.

It is a rule of pleading in this State that negligence may be pleaded in general terms. Such was the rule at common law, and our code has not changed it. Another rule for pleading negligence permits the pleader directly to allege facts showing a legal duty and its breach followed by such facts as will certainly inform the court that the act done, or

omitted to be done, was committed or omitted in the absence of due care. *Louisville, etc., R. Co.* v. *Hicks* (1894), 11 Ind. App. 588, 592. In *Cleveland, etc., R. Co.* v. *Perkins* (1908), 171 Ind. 307, it is said: "A well-settled rule of pleading requires that facts material and necessary to constitute the cause of action declared upon be directly averred, and that no essential element be shown by way of recital or be left to inference. Only inferences necessarily arising from facts alleged will be indulged in determining the sufficiency of a pleading when tested by demurrer." Citing cases. In this connection it may be said that the complaint in the case before us shows that the accident happened upon a public street and at a place where, as said in *Manion* v. *Lake Erie, etc., R. Co.* (1907), 40 Ind. App. 569, "those in charge of the train run along such street or way are bound to anticipate the presence of persons on the track ahead of them, and to maintain a constant outlook and exercise reasonable care to avoid injuring persons who are placed in peril. 2 Thompson, Negligence (2d ed.), §1776." In the complaint before us there is not a single act done or act omitted to be done by appellant characterized as having been negligently done or negligently omitted to be done, nor do the facts alleged demand the conclusion that appellant was negligent in starting the car without first ringing the bell or sounding the gong. It is not even stated that the motorman in charge of the car could have avoided the accident by ringing the bell or sounding the gong. *Evansville, etc., R. Co.* v. *Krapf* (1896), 143 Ind. 647, 652. Whether the car was started slowly or rapidly is not shown, nor does it appear that a prudent person, or a person in charge of the car, by the exercise of ordinary care, should have known that the starting of the car would likely endanger persons on the street, nor that the motorman knew, or could have known, by the exercise of reasonable and ordinary care, that appellee was going to attempt to cross the track, or that she would step upon the track in front of the car, or that she was upon

the track or would attempt to go upon the track, nor does it negative knowledge on the part of appellee that the car was about to start or would start at the time it did, nor that appellee did not have sufficient time and opportunity to get off the track before being struck.

Referring to the distance between appellee and the car when it was started, the complaint designates it by the words "near to." These words are too indefinite. The 6. distance between appellee and the car when started, fixed by the words "near to," is not sufficiently certain to warrant this court in saying as a matter of law that the starting of the car was, for that reason, necessarily negligent.

In *Cleveland, etc., R. Co.* v. *Perkins, supra,* it was held that "a few inches" was too indefinite. It has also been held that "near" may mean one foot, one chain or any other distance. *Griscom* v. *Gilmore* (1837), 16 N. J. L. 105. "Near is an indefinite word at all times." *Indianapolis, etc., R. Co.* v. *Newsom* (1876), 54 Ind. 121, 125. So "at or near" has been held bad for uncertainty. *McDonald* v. *Wilson* (1877), 59 Ind. 54. "Near," in common parlance, means either close or at no great distance, and 100 feet "would be considered by men of intelligence at no great distance" between certain points. *Ward* v. *Wilmington, etc., R. Co.* (1891), 109 N. C. 358, 13 S. E. 926.

Starting the car without ringing the bell or sounding the gong, or otherwise giving notice or warning, in the absence of a statute or ordinance requiring such signal or 7. notice of warning to be given, might or might not constitute actionable negligence, depending upon the facts associated therewith. It is not claimed that the car was started in violation of any statute or ordinance, nor do we find in the complaint facts, taken in connection with the fact of starting the car, showing that it was the fault of appellant which caused the injury for which damages are

claimed. The complaint did not state a cause of action. See *Chicago, etc., R. Co.* v. *Thomas* (1897), 147 Ind. 35; *City of Logansport* v. *Kihm* (1902), 159 Ind. 68; *Chicago, etc., R. Co.* v. *Hedges* (1889), 118 Ind. 5.

Judgment reversed.