## BURROUGHS v. BURROUGHS.

[No. 22,184. Filed November 5, 1913.]

1. APPEAL.—*Briefs.*—*Failure to File.*—*Reversal.*—Where appellee fails to file a brief controverting the errors complained of by appellant, such failure may be taken or deemed as a confession of such errors, for which the court may reverse the judgment and remand the cause without prejudice to either party. p. 381.

From Ripley Circuit Court; *Francis M. Thompson,* Judge.

Action by Grace Burroughs against George Burroughs. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Nicholas Cornet* and *Roland H. Jackson,* for appellant.

SPENCER, C. J.—This is an action in *habeas corpus* instituted by appellee against her husband, the appellant, for the care and custody of their minor son, Louis Burroughs. The cause was tried by the Ripley Circuit Court at chambers in vacation on April 10, 1911, and a judgment entered in favor of appellant, the defendant below. Subsequently, on April 27, 1911, being the fourth judicial day of the April

term, 1911, of said court, the parties being present in person, the circuit court of its own motion modified its order and judgment of April 10, by giving the care and custody of said Louis Burroughs to appellee. Appellant excepted to this action of the trial court and this appeal follows.

Appellee has filed no brief in support of the judgment of the trial court and in reference to such omission we quote the following language from *Miller* v. *Julian* (1904), 163 Ind. 582, 584, 72 N. E. 588, as applicable here:

1.  "The neglect of an appellee to file a brief controverting the errors complained of by an appellant may be taken or deemed to be a confession of such errors, and the judgment may accordingly be reversed, and the cause remanded without prejudice to either party. This rule was not declared in the interest of an appellant, but for the protection of the court, in order to relieve it of the burden of controverting the arguments and contentions advanced for reversal, which duty properly rests upon counsel for the appellee." This rule has been clearly set forth in several decisions of this court and will be invoked in this case. *Moore* v. *Zumbrum* (1904), 162 Ind. 696; *Union Trac. Co.* v. *Forst* (1904), 162 Ind. 567, 70 N. E. 979; *Peoples Nat. Bank* v. *State, ex rel.* (1902), 159 Ind. 353, 65 N. E. 6; *Neu* v. *Town of Bourbon* (1901), 157 Ind. 476, 62 N. E. 7; *Berkshire* v. *Caley* (1901), 157 Ind. 1, 60 N. E. 676.

The judgment of the trial court is reversed, without prejudice to either party, and the cause remanded for further proceedings.

Note.—Reported in 103 N. E. 1. See, also, 2 Cyc. 1024.