### EIGELSBACH v. KANNE.

[No. 22,945. Filed December 7, 1915.]

APPEAL.—*Motion to Dismiss.*—*Briefs.*—*Confession of Error.*—Where appellee moved for dismissal on the ground that the appeal was not timely filed, and failed to brief the case on its merits, and the record discloses that the appeal was legally perfected, the motion will be overruled, and the judgment will be reversed on the theory that the failure to brief is a confession of error.

From Jasper Circuit Court; *Charles W. Hanley*, Judge.

Action by Michael Kanne against Henry H. Eigelsbach. From a judgment for plaintiff the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Reversed.*

*George A. Williams*, for appellant.
*John A. Dunlap*, for appellee.

ERWIN, J.—Appellee brought this action to recover damages for obstructing a flow of water and backing it up on his lands, and for mandatory injunction to compel the removal of the obstructions and to require appellant to restore a tile drain and reconnect it with a tile drain on lands of appellant. Trial was had by the court which resulted in a finding and judgment for appellee.

Appellee filed a motion in this court to dismiss the appeal, for the reason that the same was not perfected in due time. The record discloses that the appeal was perfected according to law. The motion to dismiss is overruled.

Appellee has failed to file any brief on the merits

of the case, and under the holdings of this court, it will be considered and taken as a confession of error. *Burroughs* v. *Burroughs* (1913), 180 Ind. 380, 103 N. E. 1; 2 Cyc 1024. Judgment reversed.

NOTE.—Reported in 110 N. E. 549. See, also, 3 C. J. 1446.