### POPE ET AL. v. STATE OF INDIANA, EX REL. DAVIS.

[No. 10,220.   Filed January 30, 1920.]

APPEAL.—*Briefs.—Appellee's Failure to File.—Reversal.*—Where appellee neglects to file a brief controverting the errors complained of by appellant, such omission may be deemed to be a confession of such errors, for which the court may reverse the judgment and remand the cause without prejudice to either party.

From Greene Circuit Court; *Theodore E. Slinkard,* Judge.

Action by the State of Indiana, on the relation of Paul Y. Davis, prosecuting attorney, against Harry E. Pope and others.  From a judgment for relator, the defendants appeal.  *Reversed.*

*Weisman & Humphrey,* for appellant.

ENLOE, J.—This was an action for injunction seeking the abatement of an alleged nuisance.  There was a judgment by default against the appellants, and decree abating such alleged nuisance.  Afterwards, and at the same term of court, appellants appeared by their attorney and filed affidavits and motion asking that said default and judgment be set aside, and that they be permitted to answer the said complaint on its merits.  They based their motion upon facts which they claim show that the failure of their attorney to answer said complaint was excusable neglect within the provisons of our statute.

This motion the court overruled, and this appeal followed. The appellants have filed their brief in this case, fully and fairly presenting the question involved. No brief has been filed by appellee, and this appeal has been ignored.

In *Burroughs* v. *Burroughs* (1913), 180 Ind. 380, 103 N. E. 1, it was said: " 'The neglect of an appellee to file a brief controverting the errors complained of by an appellant may be taken or deemed to be a confession of such errors, and the judgment may accordingly be reversed, and the cause remanded without prejudice to either party.   *   *   *, ''

This rule has been repeatedly announced, and will be invoked in this case. The judgment of the trial court is reversed, with direction to sustain appellant's motion to set aside the judgment and default, and for further proceedings.