## GLENCOE COTTON MILLS *v.* CAPITAL PAPER COMPANY.

[No. 10,523. Filed November 19, 1920.]

1. SALES.—*Contracts.—Offer for Acceptance by Return Mail.*— Where, by letter, an offer is made to enter an order if sent by return mail, a letter of acceptance mailed the next day and not by return mail did not create a contract. p. 240.

2. APPEAL.—*Briefs.—Failure of Appellee to File.—When Warrants Reversal.*—Where appellant has made a *prima facie*

showing of error demanding a reversal, the failure of appellee to file a brief is taken as a confession of error.   p. 242.

From Marion Superior Court (A842); *Vincent G. Clifford,* Judge.

Action by the Glencoe Cotton Mills against the Capital Paper Company.   From a judgment for defendant, the plaintiff appeals.   *Reversed.*

*Jones, Hammond & Jones* and *Armin Krutzsch,* for appellant.

*Henley & Joseph* and *Bamberger & Feibleman,* for appellee.

NICHOLS, J.—Action by appellant against appellee on account for goods and merchandise sold.   Answer in general denial.   Appellee also filed a counterclaim averring damages suffered by appellee because of appellant's failure to ship certain merchandise according to appellant's offer which was duly accepted by appellee.   Appellant answered the counterclaim by a general denial. There was a trial by court which resulted in a judgment for appellee against appellant on the counterclaim for $187.50.

The only error assigned was the court's action in overruling appellant's motion for a new trial, which motion presents the question of the sufficiency of the

1.   evidence and whether the judgment is contrary to law.   It appears by the undisputed evidence that appellee, whose place of business was Indianapolis, Indiana, having placed an order for cotton twine with appellant, whose place of business was Columbus, South Carolina, on May 28, 1917, which was accepted, wrote a letter dated June 12, 1917, requesting that its order of May 28, be increased twenty-five or fifty bales. On June 14, 1917, appellant answered by letter offering to enter the order at a price quoted if it were sent by return mail.   On June 19, 1917, appellee sent its order.

On June 18, 1917, appellant received a request from the federal government requesting it to withhold selling entirely its entire production until notified by the government as to what it would require. On June 21, 1917, appellant answered appellee's letter of the 19th, informing appellee of the government's action in requiring appellant's entire production for army purposes, stating that this left it no discretion, and that it could only thank appellee for the business appellee had been sending, and hoping it would not be long before it could handle appellee's orders. At latest, by the testimony of appellee's president, the letter was in his hands on Monday morning, June 18. Appellee's order was then given to a dictaphone, transcribed, dated and mailed out on Tuesday, June 19. This did not meet the requirements of appellant's offer, which was upon condition that the order be given by return mail. Appellant was therefore not bound by its offer.

In *Miller* v. *Sharp* (1912), 52 Ind. App. 11, 100 N. E. 108, there was an offer to purchase corn at a price named if accepted by return mail. The letter of acceptance was not until the next day, and was not by return mail, and this was given as one of the reasons why the correspondence did not create a contract between the parties.

In *Ackerman* v. *Maddux* (1913), 26 N. D. 50, 143 N. W. 147, it was held that a letter offering to sell a piece of real estate for a certain sum, and ending with the request, "Let me know by return mail," demands an acceptance by such mail, and, in the absence of such, the offeree would be released.

In *Maclay* v. *Harvey* (1878), 90 Ill. 525, 32 Am. Rep. 35, a letter offering employment was received on March 22. The answer of acceptance was written on a post card on March 23, and given to a boy to mail who de-

layed mailing a day or so. The court, holding that the acceptance was not in time, said: " 'Where an individual makes an offer by post, stipulating for, or by the nature of the business having the right to expect an answer by return of post, the offer can only endure for a limited time, and the making of it is accompanied by an implied stipulation that the answer shall be sent by return of post. If that implied stipulation is not satisfied, the person making the offer is released from it. * * *.' " Other authorities to the same effect are *Eliason* v. *Henshaw* (1819), 4 Wheat. 225, 4 L. Ed. 556; *Taylor* v. *Rennie* (1861), 35 Barb. (N. Y.) 272.

Appellant has certainly made a *prima facie* showing of error demanding a reversal, and, as appellee had filed no brief, such failure is taken as a confession of error justifying reversal. *Eigelsbach* v. *Kanne* (1915), 184 Ind. 62, 110 N. E. 549; *Huddleston* v. *Huddleston* (1916), 184 Ind. 168, 110 N. E. 980; *Veit* v. *Windhorst* (1916), 184 Ind. 351, 110 N. E. 666.

2. The defense of the government's requirement is not presented, but, in the absence of appellee's brief, it is not needed.

The judgment is reversed, with instructions to the trial court to grant a new trial.