HIVELY *v.* SCHOOL CITY OF NAPPANEE ET AL.*
[No. 25,732. Filed December 5, 1929. Rehearing denied May 22, 1930.]

*Reported and annotated 71 A. L. R. 1311.

Church & Chester, for appellant.

Parker, Crabill, Crumpacker & May and Woodson S. Carlisle, for appellees.

Matson, Carter, Ross & McCord, Amici Curiae.

Frederick E. Matson and Austin V. Clifford, of counsel.

MARTIN, J.—The appellant, as a resident taxpayer, brought this action to enjoin the school city of Nappanee, its trustees, and the Nappanee Building Company from entering into a lease contract made under the provisions of Acts 1927, ch. 223, for the construction of a school building. Appellees' demurrer to appellant's amended complaint was sustained, and, upon appellant's refusal to plead further, judgment was rendered against him. The ruling on the demurrer is assigned as error.

The amended complaint alleges: That the building company is an Indiana corporation organized for the purpose of acquiring a site, erecting a school building thereon, and leasing the same pursuant to the act above cited, which is entitled:

> "An Act concerning the leasing and acquisition of school buildings and sites therefor by certain school corporations; authorizing such school corporations to issue bonds and levy taxes for the purpose of procuring such sites, purchasing such school buildings and paying the lease rental thereon; declaring such school property, the bonds issued on account thereof by such school corporations and the securities issued by the corporation owning such school property to be tax exempt; and declaring an emergency."

That, on July 15, 1927 the school city of Nappanee executed a written contract (which is set out as an

exhibit) leasing certain real estate for a period of 25 years at a rental of $1 per year to the holding company, upon which real estate, the company proposed to erect a schoolhouse; that, on the same date, the building company executed a written contract (which is also set out as an exhibit) leasing the same property for a like term of years to the school city at a rental of $9,500 for the first year, $11,300 per year for the next eight years, and $13,800 per year for the remaining 16 years, rentals to be paid in semi-annual installments; that the lessee, the school city, further agreed to pay as rental, all taxes, special assessments, and levies of every kind, including water rentals charged against the premises or upon the leasehold estate, and, at its own expense, to keep the buildings and improvements insured in an amount equal to the par value of all outstanding bonds that might be issued by the building company; that the school city should have the right and option to renew such lease for "a further term and upon the same conditions," and, before the expiration of the lease, should have the option of purchasing the leased property at a price equal to the amount necessary to enable the building company to pay all of its outstanding indebtedness at par and accrued interest and to redeem all of its outstanding bonds and securities plus accrued interest, said purchase price not to exceed the amount actually invested in the property by the building company; that the lessor, building company, would, at its own cost, complete the buildings to be erected on the premises in accordance with the plans and specifications which have been approved by the lessee; that, in case such buildings should be destroyed by fire, that fact should in no wise affect the rental to be paid by the school city.

The complaint further alleges: (a) That the annual rentals provided for in the lease are in excess of a fair and reasonable rental for the school building, and that

said payments so reserved are, in truth and in fact, payment of a part of the purchase price for said school building (and that, unless the bonds of the building company are paid off, the school city will lose all of said rental paid in excess of a reasonable rental); (b) that there is included in the amounts that the school city will have to pay under the contract, $9,000, which is "for financing charges and carrying charges," for which the school city will receive nothing of value; (c) that the school corporation availing itself of the provisions of Acts 1927, ch. 223, is required by §4 thereof to levy a tax each year sufficient to produce the necessary funds with which to pay the lease rental, and (in the event the school city exercises its option to purchase) the interest and principal of any bonds issued (by the school city) pursuant thereto; (d) that said lease was entered into by and between the school city and the building company for the purpose of evading the Constitution and thereby causing the school city to become indebted in an amount in excess of its constitutional limit.

Article 13, Constitution, §227 Burns 1926, provides, in part, that:

"No political or municipal corporation in this state shall ever become indebted in any manner or for any purpose, to an amount, in the aggregate, exceeding two per centum on the value of the taxable property within such corporation."

The complaint alleges that, by the execution of the lease-contracts, "the city of Nappanee became indebted to the Nappanee building company in the total sum of $180,300, which, together with the present indebtedness of said school city of Nappanee, is in excess of the two per cent limit of indebtedness permitted the said defendant school city of Nappanee and makes said contract void because same is in conflict with and contrary to Article 13 of the Constitution of Indiana."

The complaint does not allege, as it should, the value of the taxable property within the corporation, but the conclusion (of fact) alleged, viz., that $180,300, plus the present indebtedness, is in excess of two per cent of such value, is sufficient in the absence of a motion to make more specific. §360 Burns 1926.

The principal question to be determined here is whether, under the allegations of the complaint, the contracts entered into create a present indebtedness on behalf of the school city for the total amount to be paid out under the contract.

It is the duty of the board of school trustees of a school city to build or otherwise provide suitable houses for schools (§6795 Burns 1926), and this duty may be performed by renting a schoolhouse, which rental may be paid from the proceeds of a special tax levied for that purpose (§6537 Burns 1926). A contract by a city for articles to be supplied in the future, to be paid out of current revenues, may be valid although the city may be indebted to the constitutional limit at the time of making the contract, *Valparaiso* v. *Gardner* (1884), 97 Ind. 1, 49 Am. Rep. 416; *Board, etc.*, v. *Gardner* (1900), 155 Ind. 165, 57 N. E. 908; and, where an ordinary lease is entered into, at a reasonable rental, for a term of more than one year, a present indebtedness is not created in the aggregate sum of all the annual payments of rent to become due under the lease, and such a lease contract, even though it includes an option to purchase the property, does not violate Art. 13 of the Constitution, if the annual rental installments, as they become due, do not bring the indebtedness to a point beyond the constitutional limit. *City of South Bend* v. *Reynolds* (1900), 155 Ind. 70, 57 N. E. 706, 49 L. R. A. 795. But, an arrangement for the purchase of property

which is liable for the payment of an indebtedness, and which the city must pay or lose the property, is the creation of an indebtedness within the foregoing provision of the Constitution. *Voss* v. *Waterloo Water Co.* (1904), 163 Ind. 69, 71 N. E. 208, 66 L. R. A. 95, 106 Am. St. 201, 2 Ann. Cas. 978; *Eddy Valve Co.* v. *Town of Crown Point* (1906), 166 Ind. 613, 76 N. E. 536, 3 L. R. A. (N. S.) 684; *Caldwell* v. *Bauer* (1912), 179 Ind. 146, 99 N. E. 117.

The contract here, read as a whole, and considered together with the provisions of Acts 1927, ch. 223, (§6867.1 *et seq.* Burns' Supp. 1929), leaves no doubt in the mind of the court that it was entered into for the purpose of evading the mandate of the Constitution, and, of doing indirectly, through the plan and through the corporation provided for by the act, that which could not be done directly. The law will look to the substance of the transaction regardless of its form or color. *State, ex rel.,* v. *Forsythe* (1896), 147 Ind. 466, 473, 44 N. E. 593, 33 L. R. A. 221. The contract provides for the payment of annual installments over a period which equals in length the usual life of a school building, the installments being sufficient, during the term of the lease, to pay off the principal invested in the school building, together with interest thereon; and the school city is bound, not only to pay all taxes, assessments, etc., levied on the improvements, but to keep the buildings in repair, to pay for insurance on the same, and to pay rent even though the buildings burn. The leasehold, which is mortgaged by the building company to its bondholders and re-leased to the school city, is on land that is owned in fee by the school city. The school city must carry out this contract during the entire 25-year period (or exercise the option to pay all cash) in order to keep possession of its school property. It is required by §4 of the act (§6867.4 Burns' Supp. 1929)

to levy a tax annually to pay the amounts necessary to carry out the contract, and, for all practical purposes, it is clear that the entire liability for the whole bond issue of the building company must and does rest on the school city, regardless of a provision of the lease, which reads as follows:

"It is understood and agreed by and between the parties hereto that this lease is not to be construed to impose any obligation on the part of the lessee to purchase such building and premises hereby leased by it from the lessor, nor shall any provision contained in this lease ever be construed to create any obligation on the part of the lessee to any creditors, stockholders or other security holders of the lessor."

The contract actually accomplishes exactly what it disclaims in the paragraph just quoted. We, therefore, conclude that the contract set up in the complaint constituted a present indebtedness on behalf of the school city for the total amount to be paid out thereunder, and it follows that the complaint states a cause of action and is good as against a demurrer.

Acts 1927, ch. 223, §6, provides: "In the event of the execution of any such lease contract . . . and the publication of such contract . . . , the validity of such lease contract shall not subsequently be questioned except in a suit to enjoin the performance of such contract instituted within thirty days from the date of such publication." The contract here involved was published as provided for in this act on July 15, 1927, and this action was not begun until December 14, 1927, but we hold that §6 cannot serve to give life and validity to a contract which is void for being in conflict with the Constitution.

*Amici curiae*, who have, by leave, filed a brief seeking to sustain the action of the trial court, suggest that a substantial number of leases, made in pursuance of

Acts 1927, ch. 223, have been made, and that, in cases arising subsequent to the amendment of that act, by ch. 110, Acts 1929, a number of such leases have been approved by the State Board of Tax Commissioners, and that securities of building companies in the sum of many thousands of dollars are now held by the purchasers thereof. Counsel for *amici curiae*, as well as counsel for the parties hereto, have discussed in their briefs a number of questions which involve the constitutionality of Acts 1927, ch. 223, as well as the constitutional validity of this contract made thereunder, but we do not believe it is necessary to decide those questions in this case. In other cases which may arise, or which have already arisen, these important questions may be more directly involved, and, in view of the conditions stated by *amici curiae*, it is probably best that they be decided only when a necessity therefor arises.

Judgment reversed, with directions to overrule the demurrer to the amended complaint.

### ON PETITION FOR REHEARING.

MARTIN, J.—In appellees' brief on petition for a rehearing, and in the oral argument (which was granted thereon at the suggestion of counsel because of the public interest in the question decided), it was urgently insisted: (1) That the question of the constitutionality of Acts 1927, ch. 223 (§6867.1 *et seq.* Burns' Supp. 1929) is directly in issue and of paramount importance, and that, if the act is constitutional, then the contract attacked must be held to be valid; (2) that the contract does not create a present debt or liability on the part of the school city for the full amount of the rentals to become due. The opinion of the court on the latter question was completely stated at the time the case was decided.

It does not necessarily follow, as per appellees' contention, that if the statute is valid, then every contract made in pursuance of it is valid. The contract here examined was held to be void because it created an indebtedness in excess of the limit provided by the Constitution. It is possible (though not probable) that a school corporation which "does not have and cannot obtain the necessary funds with which to pay the cost of erection and construction of a school building sufficient to meet the needs of such school corporation" (Acts 1927, ch. 223, §1, §6867 Burns' Supp. 1929) might adopt the scheme provided for in the act to finance its building, even though the cost of the building might not bring the indebtedness of the corporation to a point exceeding two per centum on the value of the taxable property within the corporation. In such a case, the contract would not be in violation of the Constitution on the ground stated in the court's opinion.

The petition is denied.