BRYANT ET AL. *v.* SCHOOL TOWN OF OAKLAND CITY ET AL.

[No. 25,817.   Filed May 22, 1930.   Rehearing denied November 7, 1930.]

*Luther Benson,* for appellants.

MARTIN, J.—The appellees have filed no brief in this case. The failure or inexcusable neglect of an appellee to file a brief in support of a judgment appealed ▮▮ from, and controverting the alleged errors complained of by appellant, may be deemed a confession of error, and the court is justified, in its sound discretion, either to determine the questions presented by the appellant's brief, or to reverse the judgment without prejudice to either party, without considering the appeal on its merits, *Neu* v. *Town of Bourbon* (1901), 157 Ind. 476, 62 N. E. 7; *Burroughs* v. *Burroughs* (1913), 180 Ind. 380, 103 N. E. 1, and cases cited below;[1] but the failure of an appellee to file a brief does not require a reversal, and the discretionary power of the court to reverse the judgment in such a case should not be exercised unless the appellant's brief makes an apparent or *prima facie* showing of reversible error. *Hanrahan* v. *Knickerbocker* (1905), 35 Ind. App. 138, 72 N. E. 1137; *Goldberg* v. *Hauer* (1924), 81 Ind. App. 23, 142 N. E. 125;

---

[1] *Berkshire* v. *Caley* (1901), 157 Ind. 1, 60 N. E. 696; *People's Nat. Bank* v. *State, ex rel.* (1902), 159 Ind. 353, 65 N. E. 6; *Union Traction Co.* v. *Forst* (1904), 162 Ind. 567, 70 N. E. 979; *Moore* v. *Zumbrun* (1904), 162 Ind. 696, 70 N. E. 800; *Miller* v. *Julian* (1904), 163 Ind. 582, 72 N. E. 588; *State, ex rel.,* v. *Huff* (1909), 172 Ind. 1, 87 N. E. 141, 139 Am. St. 355; *Eigelsbach* v. *Kanne* (1915), 184 Ind. 62, 110 N. E. 549; *Huddleston* v. *Huddleston* (1916), 184 Ind. 168, 110 N. E. 980; *Veit* v. *Vindhorst* (1915), 184 Ind. 351, 110 N. E. 666; *Boring* v. *Chicago, etc., R. Co.* (1916), 185 Ind. 46, 113 N. E. 294; *City of Shelbyville* v. *Adams* (1916), 185 Ind. 326, 114 N. E. 1; *Deatrick* v. *Lawless* (1923), 193 Ind. 327, 139 N. E. 587; *Cobe* v. *Malloy* (1909), 44 Ind. App. 8, 88 N. E. 620; *Wysong* v. *Sells* (1909), 44 Ind. App. 238, 88 N. E. 954; *Moore, etc., Lumber Co.* v. *Scheid* (1918), 68 Ind. App. 694, 121 N. E. 91; *Peter Hand Brewing Co.* v. *Stamper* (1919), 71 Ind. App. 351, 124 N. E. 876; *Pope* v. *State, ex rel.* (1920), 72 Ind. App. 400, 125 N. E. 908; *Union Traction Co.* v. *Wolf* (1920), 73 Ind. App. 392, 127 N. E. 564; *Roberts* v. *Fesler* (1920), 74 Ind. App. 333, 128 N. E. 359, *Chicago, etc., R. Co.* v. *Grimes* (1921), 75 Ind. App. 83, 129 N. E. 705; *New York, etc.,*

*Pittsburgh, etc., R. Co.* v. *Linder* (1925), 195 Ind. 569, 145 N. E. 885, and cases cited below.[2]

From the appellants' brief, it appears that the same question of law is presented here with reference to a lease contract made under the provisions of ch. 223, Acts 1927, for the construction of a school building as was presented and decided in *Hively* v. *School City of Nappanee* (1929), *ante* 28, 169 N. E. 51, 171 N. E. 381.

The appellants, who are resident taxpayers, brought this action to enjoin the school town of Oakland City, its school trustees, and the Oakland City School Realty Company from performing a lease contract (which is substantially identical with the contract considered in the Nappanee case) from paying rentals under the contract and from levying taxes to meet the obligations incurred by the contract, on the ground that the contract imposed an indebtedness on the school town in excess of

---

*R. Co.* v. *Mentone* (1921), 75 Ind. App. 319, 130 N. E. 453; *Jacqua v. Heston* (1924), 81 Ind. App. 142, 142 N. E. 874.

[2]*McAfee* v. *Bending* (1905), 36 Ind. App. 628, 76 N. E. 412; *Simon* v. *City of Wabash* (1915), 58 Ind. App. 127, 107 N. E. 738; *McClure* v. *Anderson* (1915), 58 Ind. App. 615, 108 N. E. 757; *Keeley* v. *Bradford* (1916), 62 Ind. App. 683, 113 N. E. 748; *Brayton* v. *City of Rushville* (1918), 68 Ind. App. 238, 120 N. E. 48; *Ft. Wayne, etc., Traction Co.* v. *Ridenour* (1919), 71 Ind. App. 263, 123 N. E. 720; *Wasman* v. *Dye* (1920), 73 Ind. App. 11, 126 N. E. 435; *Glencoe Cotton Mills* v. *Capital Paper Co.* (1920), 74 Ind. App. 239, 128 N. E. 699; *Salinger* v. *Rupel* (1922), 78 Ind. App. 197, 135 N. E. 179; *Robertson* v. *Ewing* (1922), 78 Ind. App. 307, 135 N. E. 491; *Leikauf* v. *Grosjean* (1924), 81 Ind. App. 698, 143 N. E. 885; *Marion Malleable Iron Works* v. *Baldwin* (1924), 82 Ind. App. 206, 145 N. E. 559; *Hensley, Admr.,* v. *Reichart* (1925), 83 Ind. App. 335, 147 N. E. 736; *Jordan* v. *Peacock* (1926), 84 Ind. App. 86, 150 N. E. 60; *Dinsmore* v. *Kreighbaum* (1926), 85 Ind. App. 168, 151 N. E. 436. The Appellate Court in *Emerson* v. *Opp* (1893), 9 Ind. App. 581, 34 N. E. 840, 37 N. E. 24, held that "the appellee, without filing any brief, is entitled to the benefit of everything in the record which may prevent a reversal, and, as to him, it is the duty of the court to search the record." We do not approve such holding. To require a court of appeal to spend so much time on work that should be done by appellee's counsel, in this day of crowded dockets and delayed decisions, manifestly would be unfair to other litigants. If the court on appeal concludes that *prima facie* error is presented by the appellant, it may, in its discretion, to prevent a hardship to the appellee because of the failure of his attorney to discharge his duty, order that the appellee file a brief at his own costs. *Cleveland, etc., R. Co.* v. *Wuest* (1907), 40 Ind. App. 693, 82 N. E. 986.

two per cent of the taxable property thereof in violation of §1, Art. 13, Constitution. The court overruled a demurrer to the complaint, and the issue was closed by an answer in general denial. The court heard the evidence and rendered judgment for the defendants, from which this appeal is taken, error being alleged in overruling appellants' motion for a new trial.

It appears from the evidence that the appellee board of school trustees received and examined a petition signed by more than 50 school patrons, found that the (school) facilities in the school town were insufficient to meet the needs of the school corporation, that it did not have sufficient funds with which to construct adequate and sufficient buildings, and that it could not "raise more than $50,000.00 by means of taxation owing to the constitutional limit of the amount of tax which can be assessed," which sum was likewise insufficient to erect adequate buildings. The board thereupon "brought in a bond expert," and received and accepted a proposal of the Oakland City School Realty Company to erect a school building in accordance with its plans and specifications already adopted and to enter into a contract "leasing said real estate and the buildings to be erected for a period of thirty (30) years at an annual rental of not to exceed ten per cent (10%) of the cost of said building and the real estate and, upon the further consideration of your agreeing to the payment of the upkeep of said building during the term for which said lease may be entered into and upon the further consideration that you pay the insurance on said building during said term, taxes and all other charges imposed thereon."

The lease which was introduced in evidence provided for annual payments by the school town to the building company of $8,000 per year for the first three years, $9,000 per year for the next three years and $10,000 per

year for the next 24 years. There was evidence that the school town was already indebted in the sum of about $5,000 (that the town indebtedness was $24,000) and that the net taxable property of the town is $2,136,075.

In *Hively* v. *School City of Nappanee, supra,* we considered at length the form of contract which was used here and stated the reasons why such a contract created a present indebtedness on behalf of the school corporation for the total amount to be paid under the contract. The amount of indebtedness provided for in the contract under consideration here being in excess of the constitutional limit, such contract is void.

The judgment of the trial court in favor of the appellees is, therefore, not sustained by sufficient evidence, is contrary to law, and the same is reversed.

### ON PETITION FOR REHEARING.

PER CURIAM.—One of the appellees, The Oakland City School Realty Company, petitions for a rehearing on the following ground: that, prior to the day this appeal was decided, appellants and appellees had compromised and settled this cause and appeal (by the terms of which settlement, the appellants agreed to dismiss the appeal and the appellees agreed to pay the costs), and, for that reason, it contends the question decided by the court was moot.

In support of the petition for a rehearing, a statement, signed by the attorney for the appellants and the attorney for the appellees, is filed, which recites that such compromise settlement had been made, whereby the contract involved was vacated, and that the appellees agreed to pay all the costs, but that appellants had inadvertently omitted to file their motion to dismiss the appeal. This statement requests the court to withdraw

the opinion and dismiss the appeal at the costs of the appellees.

This cause was submitted October 9, 1929. After one extension of time, the appellants' brief was filed on January 9, 1930. Appellee was thereafter granted two extensions of time, the last to and including April 30, 1930. The cause was reversed May 22, 1930. The petition, and the statement or supplemental petition accompanying it, are sufficient to show that the attorney for the appellees did not neglect the interests of his clients by his failure to file a brief, but no sufficient cause for a rehearing on behalf of this appellee is shown. The petition for a rehearing is denied.