## Town of Royal Center *v.* Bingaman.

[No. 5,503.   Filed April 27, 1906.]

1.   PLEADING. — *Complaint.—Municipal Corporations.—Streets.— Obstructions.*—A complaint against a town for personal injuries which alleges that an obstruction on one of the town streets frightened plaintiff's horse, thereby causing injuries, will be construed as showing that some third party placed such obstruction on such street.   p. 628.

2.   SAME. — *Complaint.—Municipal Corporations.—Streets.—Obstructions.—Necessity for.*—A complaint against a town for personal injuries caused by an obstruction of a street does not need to allege that there was no necessity for such obstruction.   p. 629.

3.   SAME. — *Complaint.—Municipal Corporations.—Streets.—Obstructions.—Notice.*—A complaint against a town for personal injuries caused by the obstruction of a street by a third party must show that the town had notice thereof.   p. 629.

4.   SAME. — *Complaint.—Municipal Corporations.—Streets.—Obstructions.—Negligence.—How Averred.*—A complaint against a town for personal injuries, which merely shows an obstruction of the street, notice thereof to the town and injuries caused thereby, is insufficient where it fails to show that the obstruction was negligently permitted to be or remain there.   p. 629.

5.   SAME. — *Complaint.—Municipal Corporations.—Streets.—Obstructions.—Frightening Horses.—Contributory Negligence.*—A

complaint against a town for personal injuries caused by the frightening of plaintiff's horse at an obstruction in the street must show that such obstruction was such as to frighten an ordinarily gentle horse, and such averment is not for the purpose of negativing contributory negligence.   p. 630.

6.   PLEADING. — *Complaint.*—*Municipal Corporations.*—*Streets.*—*Obstructions.*—A complaint against a town for personal injuries caused by an obstruction of its street is not necessarily insufficient because it does not in terms show that such obstruction was within the corporate limits, especially where it is evident from the whole complaint that it was within such limits.   p. 635.

From Cass Circuit Court; *John S. Lairy,* Judge.

Action by Mabel F. Bingaman against the Town of Royal Center. From a judgment on a verdict for plaintiff for $1,000, defendant appeals. *Reversed.*

*George W. Funk* and *Kistler & Kistler,* for appellant.
*Nelson, Myers & Yarlott* and *McConnell, Jenkines, Jenkines & Stuart,* for appellee.

BLACK, P. J.—The appellee, a minor, suing by her next friend, alleged in her amended complaint that the defendant, the appellant, is a municipal corporation in Cass county, organized and existing under the general laws of this State for the incorporation of towns; "that among other streets named in said town is a street named and known as North street, which street was and is one of the public and much-used streets of the defendant, and then was, for many months had been, and still is, a public highway under the exclusive dominion and control of the defendant; that upon, to wit, November 18, 1901, in the evening after dark, plaintiff was riding in a vehicle drawn by a horse hitched thereto, which she was then and there driving with due care on and along said street, said horse being a well-trained, gentle horse, which she had many times prior to that date driven in and about the town of Royal Center with safety; that upon, to wit, said November 18, 1901, there was, and had been for more than thirty days, at a point on said street, opposite to an electric light

building, upon a lot in said town abutting said street, piles of brick, sand, gravel, dirt, lumber, lime, boxes, barrels and rubbish, that were then and there piled in said street to a height of from four to six feet, and extending more than half way across said street, filling up more than half thereof, and that were then and there calculated to frighten horses driven on and along said street, and that did then and there greatly frighten and alarm her said horse, so that it became, by reason of said obstruction in said street, unmanageable from fright and alarm, and then and there ran away and threw her out of her said buggy against a tree and to the ground, with such terrific force and violence that she was thereby made sick and sore and was thereby greatly bruised," etc., describing her injuries, and stating her damages. It was further alleged, that prior to the day of said injury, "she had no knowledge or notice that said street was thus obstructed and said things piled therein, and had no knowledge or notice that there was anything in said street calculated to frighten an ordinarily gentle horse; that the defendant had full and ample notice of the condition of said street as aforesaid, in ample time to cause said obstructions to be removed, and said street cleaned and cleared of said obstructions and made safe for travel before her said injury; that no lights or other safeguards or other warnings of any kind were put or maintained upon or around said obstructions to inform or warn this plaintiff and the public generally thereof," etc.

The complaint alleges the presence of the obstruction upon the street, without stating by whom the materials of which it was composed were placed there, or for 1. what purpose they were so placed, or to what use they were to be or had been applied. It is not shown that the things constituting the obstruction were placed in the street by the municipal corporation or for its use or by its permission or authority, or in the prosecution of any undertaking authorized by that corporation or contemplated

by any contract to which the town was a party. Therefore, the pleading must be construed against the pleader as a complaint seeking recovery for damage caused by an obstruction of the street not made or authorized by the town but created by the act of a third person. Such a complaint, if otherwise sufficient, would not be rendered 2. insufficient by the absence of an averment showing that there was no reasonable necessity for so incumbering the street; for the existence of such necessity would constitute matter to be set up by way of defense. *Wood* v. *Mears* (1859), 12 Ind. 515, 74 Am. Dec. 222; *Senhenn* v. *City of Evansville* (1895), 140 Ind. 675.

In such a case it must be shown that the municipal corporation had reasonably sufficient notice of the dangerous condition of the street. In this complaint it is 3. alleged that no lights or other safeguards or other warning were put or maintained upon or around the obstructions to inform and warn the appellee and the public generally thereof, but it is not alleged that the appellant had any notice of such failure to provide warning, nor is it directly shown that the appellee's injury was caused thereby or that such failure contributed to the injury; nor is any fault directly ascribed to the appellant because of such absence of means of information and warning.

The complaint, however, sufficiently shows notice to the appellant of the presence in the street of the obstruction which frightened the horse and by reason of which the horse became unmanageable, ran away, and threw appellee out of her buggy.

It was necessary to the sufficiency of the complaint tested by demurrer that, by direct averments of facts, it should show a wrong of the appellant constituting the proxi- 4. mate cause of the injury alleged. No act or omission of the appellant was alleged; the presence of an obstruction, described, in the street was stated and notice to the appellant of its presence was averred; but it was no-

where charged that anything was negligently done, or omitted, or permitted, or suffered by the corporation. It is not necessary to show negligence by the use of that word in pleading, if what is alleged may be said as a matter of law to constitute negligence; but in such a case as this it is necessary that the complaint show by its allegations a wrong as a proximate cause. The things constituting the obstruction might have been in the situation occupied by them without wrong on the part of the appellant, though it had notice of their presence. They might have been placed and allowed to remain there temporarily in the course of the erection or repair of a building upon the adjoining lot. Unless their presence there at the time of the injury constituted a wrong on the part of the town it would not be liable for the injury. The pleading, without anticipating any defense, should have alleged all that was necessary to constitute an actionable wrong. It was not necessary, as above remarked, to aver in anticiption that there was no reasonable necessity for their presence, or to have shown that they were not placed there in the proper or allowable use of the street by an adjoining proprietor; but the town could be held responsible only on the ground of negligence in suffering the materials to be and remain in their alleged situation; and to put the corporation to its defense its negligence should have been alleged, thereby to place the appellant positively in the wrong by the allegation of all the necessary ingredients of a wrong.

It is generally agreed in the decisions that a municipal corporation is liable in such a case only when the object suffered to remain in the street is such as is calculated

5.   to frighten an ordinarily gentle or roadworthy horse.

If the injury occurs in fact because of the vice of the animal, the object at which it takes fright, for the presence of which it is sought to hold the corporation responsible, can not be said properly to be the proximate cause, and the injury cannot be charged to the wrong of the corpora-

tion. For the purpose of showing a *prima facie* cause the complaint must affirmatively show the defendant responsible for the proximate cause, must show that the object at which the animal took fright was such a thing that wrong may be said to be attributable, as a matter of law, to the corporation because of its presence in the street at the time of the injury.

In the complaint before us it is alleged that the horse which took fright was a well-trained and gentle horse, and that the object at which it took fright was calculated to frighten horses driven on and along the street, that the appellee had no knowledge or notice that there was anything in the street calculated to frighten an ordinarily gentle horse; but it is not alleged that the obstruction in question was calculated to frighten ordinarily gentle horses. It is well known that horses, whether vicious or gentle, sometimes take fright at objects upon or adjoining the roadway for whose presence there no blame can be attributed to anyone. Instances will readily occur to the mind. If the cause of the fright and the consequent injury is in truth the inherent faultiness of the horse, there can be no recovery. If, though the horse be ordinarily roadworthy, it take fright at an object which could not be regarded by a person of ordinary skill and prudence as calculated to frighten an ordinarily roadworthy horse, there would be no responsibility on the part of the municipal corporation. It is not enough; then, that the horse which becomes frightened be an ordinarily gentle horse, but the object by which it is frightened must be one calculated to frighten an ordinarily gentle horse. An averment that the object was one adapted to frighten an ordinarily gentle or roadworthy horse can not properly, we think, be said to be one made for the purpose of showing the absence of contributory negligence on the part of the driver of the animal, but it is proper for the purpose of showing the negligence of the defendant by characterizing the object as one for the consequence of

whose unauthorized presence the defendant is responsible.

In *Cleveland* v. *City of Bangor* (1895), 87 Me. 259, 32 Atl. 892, 47 Am. St. 326, it is said: "Whether the fright of the horse at the electric car shall be deemed the true and real cause of the accident, or only a circumstance which permitted it to happen, must depend upon the character of the horse and the extent of his misconduct. If the horse was not reasonably gentle and safe and became entirely unmanageable from fright, substantially freeing himself from the control of the driver, and the accident resulted from such a want of control, then the fright of the horse might be regarded as one of the proximate causes of the accident. If, however, the horse was ordinarily safe and reasonably suitable for use on the public street, and, while being properly driven, started and shied at the sudden appearance of the electric car around the curve, swerving but a few feet from the line of travel, and through only a momentary loss of control by the driver brought the carriage in contact with the pole in the street, in such case the conduct of the horse could not in reason and justice be considered as causing the accident."

In *Mallory* v. *Griffey* (1877), 85 Pa. St. 275, it was said: "It was claimed that the stone was an object calculated to frighten an ordinarily quiet and well-trained horse, and that the defendant was chargeable with negligence in leaving it on the highway. This presented a question of fact, which was properly submitted to the jury, with the instruction that the plaintiffs could not recover, unless they found 'from the evidence that a stone or rock, such as was placed in or near the road by the defendant, was, in and of itself, an object calculated to frighten an ordinarily quiet and well-broken horse.' If this had been the only question of fact to be found by the jury, the verdict would have been conclusive of the plaintiffs' right to recover; but the question of contributory negligence, raised by the defendant's fourth point, was also submitted. Both of these questions

may have been found in favor of the defendant, but we have no means of determining whether they were or not. The verdict, for aught we know, may have been based upon the finding of contributory negligence alone; and if so, the plaintiffs were prejudiced by the affirmance of the defendant's ninth point, viz.: 'That if the plaintiffs have not shown affirmatively that their own negligence did not contribute, in any degree, to the injury, they can not recover.' This instruction cast upon the plaintiffs the onus of disproving negligence and was clearly wrong. Negligence of a plaintiff, contributing to the injury complained of, is matter of defense, and, ordinarily, the burthen of proving it is on the defendant."

In *Piollet* v. *Simmers* (1884), 106 Pa. St. 95, 51 Am. Rep. 496, the correct rule was said to be, that a property owner who has a lawful right to expose an object on or along a public highway, within view of passing horses, for a temporary purpose, is bound only to take care that it shall not be calculated to frighten ordinarily gentle and well-trained horses; and that this seems to be the tenor of the authorities in the cases in which there has been a judicial expression on the subject. After a reference to a number of authorities it was said: "It seems to us it would be difficult to state a rational rule on this subject unless it is accompanied with this limitation."

In Elliott, Roads and Sts. (2d ed.), §616, it is said, that whether the object is in its nature calculated to frighten horses of ordinary gentleness is usually a question for the jury to determine from a consideration of its character, situation, the amount of travel on the highway, and other like circumstances; and in a note to that section it is said, that *Cleveland, etc., R. Co.* v. *Wynant* (1887), 114 Ind. 525, 5 Am. St. 644, can not be taken as expressive of a universal rule, and ought not to be regarded as going further than that there are some objects which may be declared, as matter of law, not likely to frighten well-broken horses.

In *Town of Rushville* v. *Adams* (1886), 107 Ind. 475, 478, 57 Am. Rep. 124, it is said: "In order to render the corporation liable in such cases, it must, in some way, be made to appear that the object or obstruction was one naturally calculated to frighten horses of ordinary gentleness, and that the horse frightened was of such character."

There being in that case an objection urged to the complaint, that these facts were not sufficiently made to appear by its averments, it was said by the court that the complaint was not as definite and specific as the rules of good pleading would require, and that if the question were upon the overruling of a motion to have it made more certain and specific, the court would feel constrained to reverse the judgment; and the case was treated as one in which the averments of the complaint "in regard to negligence" were not sufficiently clear and specific, an objection to be reached by motion. The court thought that the general averment in the complaint before the court, that the injury was not caused by any negligence or carelessness on the part of the plaintiff, but was caused wholly by the negligence of the town in permitting the person to maintain and carry on the business of making candy on the street, made the complaint good against demurrer. While there may be found in our reports precedents which would seem to favor the view that such an averment concerning the object which caused the fright of the animal may be dispensed with, the distinct question not appearing to have been presented to the court, and expressions of like tendency made when the sufficiency of a complaint was not in question, yet the principles involved in such actions, as recognized and expressed here and in other jurisdictions generally, considered with our system of pleading, which makes it obligatory upon the plaintiff to state directly the facts constituting his cause of action, would seem to indicate at least that a complaint which neither contains such an averment nor charges negligence of the defendant can not be held sufficient on demurrer.

It has been urged against the complaint that it does not show that the place of the obstruction was within the corporate limits of the town; and it must be admitted that there is not wholly lacking ground for such a criticism. We would not be strongly disposed, if the complaint were otherwise sufficient, to reverse a judgment for such an inadvertent failure distinctly to express what was so apparently intended throughout the pleading; and the want of exact accuracy may be remedied readily by amendment.

Judgment reversed, with instruction to sustain the demurrer to the amended complaint.