## CITY OF GREENFIELD *v.* ROBACK.

[No. 6,570.   Filed December 17, 1909.]

1. NEGLIGENCE. — *Facts Constituting.* — *Complaint.* — A complaint which fails to allege that the acts complained of were negligently done, must allege facts showing a necessary inference of negligence.   p. 72.

2. MUNICIPAL CORPORATIONS.—*Liability for Negligence.*—A municipal corporation is not an insurer of the safety of its streets; and to hold it liable negligence must be shown.   pp. 72, 74.

3. MUNICIPAL CORPORATIONS.—*Negligence.*—*Complaint.*—A complaint alleging that defendant city for six months permitted to remain a sidewalk upon which there projected a piece of timber used as a horse for steps constructed by an adjacent lot owner, that the plaintiff without any knowledge thereof was traveling upon such sidewalk, at night, and struck such timber, throwing him heavily upon the walk, to his damage, fails to state a cause of action, since it fails to state that any act was negligently done, and such facts might exist without negligence.   p. 74.

From Henry Circuit Court; *John M. Morris,* Judge.

Action by John F. Roback against the City of Greenfield. From a judgment on a verdict for plaintiff for $3,250, defendant appeals.   *Reversed.*

*E. H. Bundy* and *William C. Welborn,* for appellant.

*Watson, Titsworth & Green, Forkner & Forkner, W. W. Cook, C. H. Cook,* and *Smith, Cambern & Smith,* for appellee.

HADLEY, J.—This was an action by appellee against appellant for damages for personal injury alleged to have been received by appellee from a fall occasioned by a projection of wooden steps leading from the lawn of a private residence over and upon the sidewalk of said city.

The complaint, after formal averments and description of the streets, in substance, avers that the sidewalk, over which appellee was passing when injured, was a cement walk four feet wide; that he was walking along after night with his brother; that it was dark; that the sidewalk was

not lighted in any manner, and projections over the side-
walk could not be distinguished; that there were no guards
or lights whatever upon or along said sidewalk; that while
appellee was so walking, with due care and caution for his
safety, and without any fault, carelessness or negligence on
his part, and without any knowledge whatever of the condi-
tion of said walk, or any projection or obstruction thereon,
and having no reason to anticipate or apprehend danger
thereby, his right foot came in contact with a piece of tim-
ber being used as a horse for steps leading from said walk
to a residence on the adjacent lot, at an incline of over forty-
five degrees; that the bottom step and the horse thereof
rested upon said cement walk and projected over and upon
said cement walk at least five and one-half inches, and a
sufficient distance to admit of appellee's striking the toe of
his right shoe against said projecting horse while walking
upon said cement walk as aforesaid, and against which he
did strike his toe while so walking, which instantly tripped
and threw appellee off his balance, and caused him to fall
violently down upon said cement walk in front of said steps,
striking his left hip with great force and violence over the
region of the hip joint, whereby he sustained severe, lasting
and permanent injuries, all without any fault, negligence
or carelessness on appellee's part, and without any knowl-
edge whatever of said defective condition of said cement
walk or the projecting of said step or horse thereon what-
soever; that said obstruction to said sidewalk and the pro-
jection of said step and horse over and upon said cement
walk, causing appellee to trip and fall as aforesaid, had ex-
isted at said place on said cement walk for a long time prior
to appellee's said injury, to wit, more than six months im-
mediately prior thereto, with the knowledge of the appellant
and its officers, and for a sufficient length of time for the
appellant and its officers to remedy the defect and to re-
move said obstruction from and off said cement walk, so

that said injury could not have happened to appellee while so using said cement walk as aforesaid.

A demurrer was filed to this complaint, which demurrer was overruled. This ruling is assigned as error, and will be first considered by us. It will be observed that the complaint contains no specific averment of negligence on the part of appellant. This, however, is not fatal to the complaint if the specific facts averred are sufficient to a certainty to raise a presumption of such negligence and to enable us to say, as a matter of law, that appellant was negligent, and that such negligence was the proximate cause of the injury complained of. *Pennsylvania Co.* v. *Marion* (1885), 104 Ind. 239; *Louisville, etc., R. Co.* v. *Hicks* (1894), 11 Ind. App. 588; *Town of Royal Center* v. *Bingaman* (1906), 37 Ind. App. 626.

A municipal corporation is not an insurer of the safety of its streets, and, to fasten a liability upon it for injuries resulting from defects in its streets, it must be affirmatively shown that the municipality was guilty of negligence. The question is always one of negligence, for, in no instance, can there be a recovery unless the corporation has failed to exercise ordinary care, skill or diligence to make its streets reasonably safe for passage. *City of Franklin* v. *Harter* (1891), 127 Ind. 446; *City of Fort Wayne* v. *DeWitt* (1874), 47 Ind. 391; *Higert* v. *City of Greencastle* (1873), 43 Ind. 574; *Town of Royal Center* v. *Bingaman, supra; City of Vincennes* v. *Spees* (1905), 35 Ind. App. 389.

In the case of *City of Franklin* v. *Harter, supra,* the negligence on the part of the city, as claimed, consisted in leaving a cellarway in the sidewalk railed on two sides but open on the entrance from the sidewalk. This condition was maintained for several years. The court instructed the jury that this state of facts charged the city of Franklin with liability to the plaintiff. In discussing this instruction the court used this language: "As

the question in cases where a municipal corporation is sought to be held liable for injuries caused by a defect in a street is one of negligence, it is seldom that the court can determine the question as one of law, for in by far the greater number of cases the question is a complex one, in which matters of law blend with matters of fact. In all such cases the duty of the court is to instruct the jury as to the law, and that of the jury is to determine whether, under the law as declared by the court, there is actually negligence. Nor does this general rule fail in all cases where the facts are undisputed, since the rule has long been settled in this State, that where an inference of negligence may or may not be reasonably drawn from admitted facts, the case is ordinarily for the jury under proper instructions, but where only one inference can be reasonably drawn from the facts, the question of negligence or no negligence may be determined by the court as one of pure law." See, also *Teague* v. *City of Bloomington* (1907), 40 Ind. App. 68; *City of Huntington* v. *Stuber* (1908), 41 Ind. App. 171.

In the case of *Town of Royal Center* v. *Bingaman, supra,* the complaint charged that for more than thirty days, in a certain street, piles of brick, sand, gravel, dirt, lumber, lime, boxes, barrels and rubbish, to the height of six feet and extending more than half way across the street, were permitted to remain therein; that the same was calculated to frighten horses, and did frighten appellee's horse, which caused it to run away, whereby she was injured; that appellant town had ample notice of said condition in ample time to remove the same, and that no lights, or other safeguards, or other warnings were maintained around said obstruction. The complaint contained no direct averment of negligence. The court, in discussing a demurrer to this complaint said: "It was necessary to the sufficiency of the complaint tested by demurrer that, by direct averments of facts, it should show a wrong of the appellant constituting the proximate cause of the injury alleged. No act or omis-

sion of the appellant was alleged; the presence of an obstruction, described, in the street was stated and notice to the appellant of its presence was averred; but it was nowhere charged that anything was negligently done, or omitted, or permitted, or suffered by the corporation. It is not necessary to show negligence by the use of that word in pleading, if what is alleged may be said as a matter of law to constitute negligence; but in such a case as this it is necessary that the complaint show by its allegations a wrong as a proximate cause.'' The complaint was held insufficient.

A city is not required to make its streets and sidewalks absolutely safe, since it is not an insurer of the safety of those who pass along them. All that is required is that they be made reasonably safe. *City of Vincennes* v. *Spees, supra.*

2.

The obstruction complained of in this case was there by the act of a third party. It extended on the sidewalk five and one-half inches and slanted back from the sidewalk at an angle of forty-five degrees. It had remained in this condition six months, with the knowledge of appellant's officers. The walk was four feet wide. Whether the street, in the condition described, was reasonably safe for travel, and whether the city was negligent in permitting it to remain in this condition, with no possibility of excuse, are questions about which reasonable men might differ. *Perrigo* v. *City of St. Louis* (1904), 185 Mo. 274. What is reasonably safe and what constitutes negligence are both questions determinable only from the particular circumstances of each case, and it is usually difficult to say, in a contested case, that certain facts constitute negligence. The question becomes most difficult when we have to determine the liability of a municipal corporation for something suffered to be done or maintained by a third person; for, in the very nature of things, municipal officers cannot give that close inspection and observation of its many streets and alleys that might be required of an individual in charge of

3.

a single factory or other business establishment.   Each is
required to exercise reasonable care, but what would be rea-
sonable care in the former might be negligence in the latter.
*Pumorlo* v. *City of Merrill* (1905), 125 Wis. 102.

For these reasons we cannot say that the facts averred
in the complaint show negligence to that certainty required
in cases where negligence is not directly averred.   The de-
murrer to the complaint should have been sustained.   Other
questions presented will not necessarily arise on a retrial.

Judgment reversed, with instructions to sustain the de-
murrer to the complaint, with privilege of amending.