## PARTENHEIMER, ADMINISTRATOR, *v.* SOUTHERN RAILWAY COMPANY ET AL.

[No. 7,798. Filed March 14, 1913. Rehearing denied June 28, 1913.]

1. MASTER AND SERVANT.—*Railroads.*—*Injury to Employes.*—*Evidence.*—Although there was some conflict in the evidence, where it was shown in an action for the death of a railroad brakeman, alleged to have been caused by negligence of the engineer in the operation of the engine while pushing a box car onto a spur track, that decedent was last seen standing on the box car waving his arms as a signal to the engineer meaning to come ahead at the same speed, and there was evidence tending to show that no signal was given by him to slacken the speed or stop the train, that the train was operated pursuant to decedent's signals and was moving at a speed not exceeding four miles an hour, that such was not an unreasonable rate of speed, and that de-

cedent could have slackened the speed by giving proper signals, the evidence supported a verdict for defendant. p. 127.

2. APPEAL.—Review.—Harmless Error.—Instructions.—In an action for the death of a railroad brakeman, predicated on the alleged negligence of the engineer in the operation of the train, any error in the giving or refusal, of instructions on the question of contributory negligence is harmless, where the evidence showed that the engineer was not negligent. p. 128.

3. APPEAL.—Review.—Harmless Error.—Refusal to Submit Interrogatories.—Error, if any, in the refusal of the court to submit certain interrogatories to the jury is harmless, where from the answers to those submitted it appears that no answer to the refused interrogatories could have changed the result. p. 129.

From Superior Court of Vanderburgh County; *Alexander Gilchrist*, Judge.

Action by Philip Partenheimer, administrator of the estate of Raymond Oskins, deceased, against the Southern Railway Company and another. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Lindsey & Bock* and *Tweedy & Lindsey*, for appellant.

*Alex P. Humphrey, Edward P. Humphrey, John D. Welman, Philip W. Frey* and *George R. DeBruler*, for appellees.

LAIRY, J.—Appellant as administrator brought this action to recover damages for the death of Raymond Oskins. The verdict and judgment in the trial court was in favor of the defendants.

At the time of the accident which caused the death of Raymond Oskins, he was employed as head brakeman on a freight train and he and the other members of the train crew were engaged in switching cars on a spur track at Boonville, Indiana. The locomotive headed in on the spur pushing a box car which was coupled on in front of it, the purpose being to pick up a car of logs and some flat cars which were standing on the spur track. After coupling the box car to the car of logs, the head brakeman gave a signal to come ahead, then climbed to the top of the box car and stood near the front end for the purpose of giving sig-

nals.   The train continued to move north on the spur until it came in contact with certain flat cars which were standing at the north end of the spur.   A coupling was then made by brakeman Jeffries, after which the head brakeman Oskins was found dead under the north truck of the box car.   It is the theory of the plaintiff that Oskins was killed by being thrown from the top of the box car by force of the impact when the train came in contact with the flat cars.

The complaint is in two paragraphs both of which are based upon §8017 Burns 1908, Acts 1893 p. 294.   The first paragraph alleges in substance that plaintiff's decedent while standing on the top of the box car gave a signal to the engineer which meant to slacken the speed of the train; that the engineer understood the meaning of the signal and that he saw or could have seen it by the exercise of ordinary care, and that he negligently failed to obey the signal and carelessly and negligently failed to slacken the speed of the train and continued to operate said train at a high rate of speed until it struck said flat cars with such force that it threw decedent from the car where he was standing and thereby caused his death.   The second paragraph proceeds upon the theory that the engineer was unable to see the signals given him by the brakeman on account of a sharp curve in the spur track and high piles of lumber on both sides which obstructed his view, and that he ran the train at a rate of speed that was negligent in view of the fact that he was unable to receive the necessary signals, and in view of the further fact that he knew that Oskins was standing on the box car in a place of danger and further knew that the track was likely to be obstructed by cars standing thereon.

We are asked to reverse the case upon the ground that the court erred in overruling appellant's motion for a new trial.   The first question presented by appellant under this assignment of error is the sufficiency of the evidence to sustain the verdict.   The evidence shows that Oskins was seen by a number of persons, a short time

before the accident, standing on top of the box car near the front end with his arms outstretched moving his hands up and down as a signal. There was conflict in the testimony as to the meaning of this signal, but there was evidence to the effect that it meant to come ahead at the same speed and that it did not mean to stop or slacken the speed of the train. There was also evidence tending to show that the proper signal to slacken speed was to lower the arms toward the body and that to drop the arms suddenly meant to stop the train. The evidence tended to show that no signal to slacken the speed or to stop the train was given, and the jury so found by its general verdict and by its answers to interrogatories. The evidence also tended to show that the fireman observed the signals given by Oskins and communicated them to the engineer and that the train was operated in obedience to such signals. The jury found that the train was moving at a speed not exceeding four miles an hour and that this was not an unreasonable rate of speed under the circumstances and surroundings, and the evidence tended to show that Oskins had power to have slackened its speed by giving a proper signal for that purpose. While there is some conflict in the evidence, an examination of the record has convinced the court that the evidence not only supports the general verdict, but also every interrogatory which could materially affect it.

Objections are urged to a number of instructions given by the court bearing upon the question of contributory negligence and assumption of risk. In view of the facts 2. found by the jury in answer to interrogatories propounded by the court, it is quite evident that any error in these instructions could not have harmed appellant. The facts so found clearly show that the engineer was not guilty of the negligence charged in either paragraph of complaint. This being true, it was not material whether plaintiff's decedent was guilty of contributory negligence. The giving of these instructions could not have influenced the

jury upon any questions other than contributory negligence and assumption of risk, and, as these questions were not important in the light of the answers to the interrogatories, an instruction relating thereto, even if erroneous, was harmless. For the reason just stated any error committed by the court in refusing to give the instructions tendered by plaintiff relating to the law of contributory negligence and assumption of risk, could not have been prejudicial to appellant. In view of the answers to the interrogatories, we are convinced that errors pointed out in the giving or refusal of other instructions were harmless.

The court refused to submit to the jury certain interrogatories requested by plaintiff. Some of these were properly refused for the reason that they were not in proper form. The others were of such a character that no answer thereto, however favorable to plaintiff, could have changed the result. The error of the court, if any, in refusing to submit these interrogatories was harmless in view of the answers made to those submitted. Under the facts as shown by the answers to interrogatories no different result could have been reached.

Finding no reversible error in the record the judgment is affirmed.

Judgment affirmed.

NOTE.—Reported in 101 N. E. 1'03. See, also, under (1) 26 Cyc. 1441; (2) 38 Cyc. 1809, 1816; (3) 38 Cyc. 1640.