.CHICAGO AND ERIE RAILROAD COMPANY *v*. WEBB.

[No. 9,096. Filed October 5, 1916. Rehearing denied March 14, 1917. Transfer denied June 8, 1917.]

1. MASTER AND SERVANT.—*Employers' Liability Act.—Injury to Servant. — Complaint. — Sufficiency. — Negligence.*— As negligence is the gist of all actions maintainable under the Employers' Liability Act (Acts 1911 p. 145, §8020a *et seq*. Burns 1914), and the 'act makes no change respecting the burden of alleging negligence and proximate cause in actions under the statute, the complaint must, in terms, charge the negligence relied on, or facts must be averred sufficient to compel the inference of such negligence as will constitute the proximate cause of the injuries sustained. p. 675.

2. MASTER AND SERVANT.—*Injury to Servant.—Complaint.—Negligence.—Proximate Cause.*—In a servant's action for burns received while' employed as an "engine packer" in a roundhouse, where the complaint averred that it was plaintiff's duty,' pursuant to the master's orders, to melt grease from certain plates by placing them on top of a stove, alleged to be dangerous equipment in that it was not entirely enclosed and was not so constructed or safely guarded as to prevent sparks from being thrown therefrom, or to keep employes from getting close to it, and that, while plaintiff was placing one of the plates upon the stove in the performance of his duties, his clothing caught fire, the specific facts pleaded do not compel the presumption of negligence nor authorize the inference that any act or omission of defendant was the proximate cause of the injury, and the complaint is demurrable. p. 676.

From Huntington Circuit Court; *Samuel E. Cook*, Judge.

Action by Milton A. Webb against the Chicago and Erie Railroad Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*W. O. Johnson, Walter M. Johnson, C. K. Lucas* and *Harley A. Logan,* for appellant.

*Charles R. Haller,* for appellee.

CALDWELL, C. J.—On February 3, 1914, appellee,

while in appellant's employ as an engine packer in its roundhouse at Huntington, suffered serious burns by his clothing coming in contact with the fire in a stove maintained by appellant. This action, brought to recover for such injuries, resulted in a verdict and judgment for $1,900. Among others, there is error assigned on the overruling of the demurrer to the complaint. In support of such assignment, appellant contends that the complaint contains no sufficient charge of negligence; that no act or omission of appellant is alleged to have been the proximate cause of the injury, and that it affirmatively appears from the complaint that appellant assumed the risk, and that his negligence contributed proximately to his injury.

To the extent material, the substance of the complaint is as follows: On February 3, 1914, and for several months prior thereto, appellee was in appellant's employ as an engine packer. As such it was his duty to place packing in the boxing of the engines brought to the roundhouse for that purpose, among others. In the boxing there were certain perforated, conical plates, the holes in which were frequently found to be filled with hardened grease. He had received general directions from appellant's foreman, from whom it is alleged he took orders, to remove the grease from such plates by placing the latter on top of one of the stoves that the grease might thereby be melted and burned out. Appellee's duties required him to come in contact with locomotives, and as a consequence his clothing while he was at work was saturated with oil and grease. While appellee was in appellant's employ, the latter, for the purpose of providing heat and comfort for its employes, maintained in the roundhouse a certain kind of stove, known as a "peach basket stove." It is alleged that such stove was a dangerous equipment and that its use by appellant was hazardous to the

employes, in this: That it was not entirely enclosed, and was not so constructed as to prevent sparks and particles of fire from being thrown from it, or so as to protect any one standing near it from being burned by the fire therein, and that it was not equipped with any safeguards to prevent particles of fire from being thrown from it, or to keep employes from getting close to it. Appellant knew that such stove was being used, and that its use was hazardous as aforesaid. On the night of said day, while performing his duties as engine packer, appellee, pursuant to such orders, placed one of the plates upon one of the stoves for purposes aforesaid, his clothing being at the time saturated with grease and oil. It is averred "that after he had placed the said plate on the said stove, his clothing caught fire from said stove" and that as a consequence he suffered serious burns and injuries.

The complaint contains no general charge of negligence. No act or omission of appellant is alleged to have been negligently or carelessly done or omitted. There is also no general or specific averment that any act or omission of appellant was the proximate cause of the injury suffered. Certain technical averments, only a part of which are included in the foregoing abstract, indicate that the action is predicated on the act of 1911 (Acts 1911 p. 145, §8020a *et seq.* Burns 1914). Negligence is the gist of all actions maintainable under that act. *Vandalia R. Co.* v. *Stillwell* (1913), 181 Ind. 267, 104 N. E. 289, Ann. Cas. 1916D 258; *Standard Steel Car Co.* v. *Martinecz* (1916), —— Ind. App. ——, 113 N. E. 244. That act infringes materially on the common law in its relation to the fellow-servant rule, and the doctrine of assumed risk, and also modifies or limits the effect of the defense of contributory negligence, as heretofore applied by the courts, but no change is made respecting the

burden of alleging negligence and proximate cause. While under the act the conduct of either the master or a coemploye of an injured employe may form the basis of an action, the complaint must, either by general or specific averment, charge that such conduct was negligent, and that it was the proximate cause of the injury. It follows that, in determining the sufficiency of the complaint in the respects under consideration, in actions brought under the act, the rule is the same as in common-law actions. It is well settled in common-law actions based on negligence, "that the negligence relied upon must be charged in terms, or facts must be averred sufficient to compel the inference of such negligence as will constitute the proximate cause of the injuries sustained." *Cleveland, etc., R. Co.* v. *Perkins* (1908), 171 Ind. 307, 86 N. E. 405.

In our judgment, the specific facts pleaded here respecting the maintaining of the stove do not compel the presumption of negligence. In addition, as a 2. question of pleading, the facts averred do not authorize the inference that any act or omission of appellant was the proximate cause of appellee's injury. For each of these reasons, the complaint is insufficient. The demurrer thereto should have been sustained. In addition to authorities cited, see the following: *Laporte Carriage Co.* v. *Sullender* (1905), 165 Ind. 290, 75 N. E. 277; *Pittsburgh, etc., R. Co.* v. *Schepman* (1908), 171 Ind. 71, 84 N. E. 988; *City of Greenfield* v. *Roback* (1909), 45 Ind. App. 70, 90 N. E. 136; *Cobe* v. *Malloy* (1909), 44 Ind. App. 8, 88 N. E. 620.

Appellant urges that the principle of assumed risk, applied to the answers returned by the jury to certain submitted interrogatories, defeats appellee's right to recover, and that the court erred in overruling appellant's motion for judgment on such answers. The court

did not err in such ruling.   *Standard Steel Car Co.* v. *Martinecz, supra,* and cases cited.

Other questions presented are not decided. For errors indicated, the judgment is reversed, with instructions to sustain the demurrer to the complaint, with permission to amend, if desired.

NOTE.—Reported in 113 N. E. 74