## Johnson et al. *v.* Harris.

PRINCIPAL AND SURETY.—*Levy of Execution First against Principal.—Injunction —Statute Construed.*—Construing sections 416, 674 and 675 of the code together, the property of the principal judgment debtor must be first levied upon and sold before that of his surety can be levied upon, if the fact of suretyship has been regularly determined by the court, and appears by the execution. And, therefore, a levy on the property of the surety may be enjoined, if made before the property of the principal has been exhausted.

SAME.—*Insolvency.*—The insolvency of the principal, or of both principal and surety, is not ground for levying on the property of the surety before levying on that of the principal.

From the Grant Circuit Court

*G. W. Harvey, G. T. B. Carr, R. Hill* and *J. W. Nichol,* for appellants.

*A. Steele, R. T. St. John, I. Van Devanter* and *J. W. Lacey,* for appellee.

BIDDLE, J.—Complaint by the appellee, against the appellants, to enjoin the levy and sale of property on execution. The substantial facts averred in the complaint may be stated as follows:

At the February term, 1878, of the Grant Circuit

Court, Jesse Johnson recovered judgment against Noah Harris as principal, and the plaintiff as surety, for the sum of $8,965.90. It was found in said judgment that the plaintiff was such surety, and ordered by the court that the sheriff levy first on the property of said Noah Harris, and exhaust the same, before levying on the property of the plaintiff. A writ of execution was issued on the judgment, with the usual command to make the money, endorsed by the clerk that the plaintiff was surety in the judgment, and Noah Harris principal, and that the goods and lands of Noah be first levied on and exhausted, before levying upon the property of the plaintiff. Noah was at the time owner of real estate, to wit, two hundred and forty or three hundred acres of land, of great value. The sheriff levied the writ upon the personal and real property of Noah Harris, and upon the real estate of the plaintiff, jointly, at the same time, and advertised the same to be sold on the 23d day of March, 1878, and will sell the same accordingly unless restrained therefrom by the court. The defendants have already sold a large amount of property of the plaintiff, notwithstanding the property of Noah Harris has not been exhausted by levy and sale on the same debt. Prayer for a restraining order, to set aside the levy on the plaintiff's property, and for a final injunction.

The judge at chambers granted a temporary restraining order. In term, demurrer to complaint for want of facts overruled.

The defendant Jesse Johnson appeared and answered as follows:

That several judgments were rendered against Noah Harris and the plaintiff, at the February term of the Grant Circuit Court, 1878, amounting in the aggregate, besides costs, to the amount of $28,322.62, all of which are set forth and averred to be unpaid and in force; that executions were issued at once on said judgments, and placed in the hands of the sheriff for service; that Noah Harris

has no property of any considerable amount to satisfy said executions, and that the plaintiff has no sufficient means to satisfy said judgments; that the personal property of Noah Harris was levied upon and sold on said writs of execution for the sum of $6.26, and the personal property of the plaintiff was levied on and sold under said writs for the sum of $56.27; that neither of the said defendants had any other personal property subject to execution on said judgments; that the sheriff then levied on the real estate of Noah Harris, and then on the real estate of the plaintiff, advertised the same for sale, but was restrained from selling, by the order of the judge; that the real estate of Noah Harris was afterwards sold on said executions and brought only the sum of $340, which, the property being subject to prior liens, was its full value; that the property of the plaintiff so levied upon is also subject to certain liens; that all the property levied on is not sufficient to satisfy the judgments against it; that the property of the plaintiff, subject to execution, will not sell for more than $17,000; that said Noah and the plaintiff have no other property subject to execution, except that so levied upon; that no property of the plaintiff was levied on until all the property of the said Noah had first been levied on, and, the same being greatly insufficient to satisfy either of said executions, then the property of the plaintiff was levied on immediately, on the same day thereafter, all of which is averred fully and with unnecessary particularity. Wherefore, etc.

To this answer a demurrer for want of facts was sustained. Upon the pleadings the court made the injunction perpetual. Appeal. Overruling the demurrer to the complaint, and sustaining the demurrer to the answer, are the only assignments of error made in this court.

Section 674 of the code provides for trying the question of suretyship between the defendants, where two or more are sued in the same action; but such proceedings are not

to affect the proceedings of the plaintiff. By section 675 it is provided, that, "If the finding upon such issue be in favor of the surety, the court shall make an order directing the sheriff to levy the execution first upon and exhaust the property of the principal, before a levy shall be made upon the property of the surety; and the clerk shall indorse a memorandum of the order on the execution." Section 416 provides, that "If it appear upon the face of an execution, or by the endorsement of the clerk, that of those against whom it issued, any one is surety for another, the property of the principal shall be first sold, unless the surety shall direct otherwise."

These sections must be construed together, and, thus construed, it is plain to our minds that, as between principal and surety, when they· are judgment defendants in the same action, the sheriff must not only first levy upon the property of the principal, but he must first sell and exhaust the property of the principal, before he can levy on the property of the surety; and a levy upon the property of the surety, before he has sold and exhausted the property of the principal, is irregular, and can not be upheld. Upon this view the present case is easily decided. The averments in the complaint show clearly that the levy on the property of the surety was made before the property of the principal was exhausted; the complaint; therefore, is sufficient, and there is nothing in the answer which either denies or avoids the complaint; it is, therefore, insufficient. Indeed, the answer, as to the matter complained of, states essentially the same facts as those averred in the complaint.

We are cited by the appellant to the case of *Fry* v. *Manlove,* 1 Baxt. 256, and also reported in 25 Am. Rep. 775, as supporting their views. The only question in that case was whether a levy on sufficient personal property was a satisfaction of the judgment, a question solely between the judgment plaintiff and judgment defendant; not between

principal and surety in the same judgment. We can not see wherein that case supports the appellants in this.

The judgment is affirmed, at the costs of the appellants.