No. 8426.

## Johnson v. The State, ex rel. Slinkard et al.

Evidence.—*Summons.*—*Lost Paper.*—Parol evidence is admissible to prove the contents of a summons which is lost.

Judgment.—*Receipt.*—*Execution.*—*Satisfaction.*—In a suit to obtain an entry of satisfaction of a judgment, a receipt endorsed on an execution issued thereon may be explained by showing that no money was paid upon a sale of property thereon, but that the bid was receipted for as money.

Same.—*Collateral Attack.*—In such a suit the plaintiff is not at liberty to question the validity of the judgment.

SAME.— *Execution.— Levy.— Sheriff's Sale.— Receipt.— Decedents' Estates.* — Where the return of an execution shows a sale of real estate to the plaintiff, and a receipt by him for the amount of the bid, sufficient to pay the judgment and costs, and a certificate is given, but it is proved that no money passed except enough to pay costs, and this sale was afterwards, at the suit of the administrator of that defendant, set aside, and an order made to sell the land for the payment of the decedent's debts, there is no satisfaction, and even the levy upon the land is discharged.

From the Greene Circuit Court.

*G. Putnam, G. W. Friedley, A. G. Cavins* and *E. H. C. Cavins,* for appellant.

*E. E. Rose* and *E. Short,* for appellees.

ELLIOTT, C. J.—The appellant's complaint alleges that a judgment, obtained against her by the relator Slinkard, had been satisfied, and prays that any entry of satisfaction may be made of record. The appellees answered by a general denial, and the parties entered into the following agreement: " We agree that all matters of defence that could be given in evidence under any form of answer or cross complaint may be given in evidence under the general denial, and that all matters that could be given in evidence under any form of pleading for plaintiff, by reply or answer to any cross complaint, may be given in evidence under the defendants' general denial." It was competent for the parties to make this agreement, and its provisions are obligatory. Every conceivable matter of defence is, by the terms of this agreement, admissible in evidence. The only question which can arise is, whether the evidence tends to establish a defence of any character whatsoever.

A single error is alleged, and that is assigned upon the ruling refusing appellant a new trial.

The appellees proved, by the sheriff of Lawrence county, the contents of a summons which had been issued to and served by him. This testimony was prefaced by proof of the loss of the writ. The court did not err in admitting this evidence. It is said by counsel that the court erred in permitting the sheriff to testify as to the contents of a written memorandum,

but we find no objection made to any such testimony. The only objection stated was to evidence of the contents of the summons. A settled rule of practice is that a party can not state one objection in the trial court, and insist upon another on appeal.

Francis Dugger, the sheriff of Greene county, was permitted to testify, over the objection of the appellant, that no money was paid on the bid made at a sale upon an execution issued to him as sheriff, except enough to pay costs, and that the amount of the bid, less the costs, was credited on the execution. This testimony explained the receipts endorsed on the writ, and for that purpose was competent. Receipts may be explained, varied or contradicted by parol testimony.

A plaintiff who, in stating his cause of action, alleges the existence of a thing, will not be heard to aver in the course of the cause, that the thing did not in fact exist. This rudimental principle disposes of appellant's argument that there was no judgment; for, in her complaint, she expressly affirms that there was such a judgment. The theory of the complaint is, that there is a judgment, which appellant is entitled to have entered satisfied.

In a proceeding to compel satisfaction of a judgment, or to enjoin its collection, no enquiry can be made into the proceedings prior to the judgment, except only as to whether the court possessed jurisdiction. If there was jurisdiction, then no matter how many, or how serious, the errors committed, the judgment will repel all such collateral attacks as the present. Even if the appellant were in a situation to question the validity of the judgment which she desires satisfied, the statement of this familiar rule would be a complete answer to all the points made against it.

The only remaining question is whether the evidence shows that the judgment has, in fact, been paid or satisfied. It appears that an execution was issued upon the judgment described in the complaint; that the execution was levied on real estate belonging to one of the execution defendants; that the exe-

cution plaintiffs bid in the real estate levied upon, and that a certificate was issued to them.    The sheriff's return shows the receipt by him and payment to the execution plaintiffs of the full amount of the judgment; but this receipt is explained by oral testimony.    This testimony shows that no money, except a sum sufficient to pay the costs, was either received or paid out by the sheriff, but that the amount of the bid was credited on the execution.    The sale was afterwards set aside upon the complaint of the administrator of the estate of the debtor, who died the owner of the land levied upon, and it was decreed that the land should be sold to pay the debts of the decedent's estate.    This judgment finally and completely disposed of the levy.    The decree prohibited its enforcement, and this worked its destruction.    A levy that is prohibited from being enforced, can not be deemed a satisfaction.    In no case is a levy anything more than a *prima facie* satisfaction of a judgment, and the decree rendered upon the petition of the administrator of the deceased debtor completely strips the levy of all force.    It would be unjust to hold a judgment satisfied by a levy which is conclusively shown to be utterly incapable of enforcement.    The decree prohibiting the sale of the land, in effect, put an end to the levy, and to all proceedings flowing from it.    By no possibility could such a levy result in a satisfaction of the judgment.    There is no equity in appellant's claim that a judgment, upon which not even a dollar has been paid, shall be declared satisfied by a levy from which not a cent can, as the evidence conclusively shows, ever be realized.

Judgment affirmed.    .

### On Petition for a Rehearing.

Elliott, C. J.—It is argued that the appellant's property should not be subjected to sale, because she was not liable upon the instrument on which the judgment was founded. This question can not be considered in this collateral proceeding.    The judgment is conclusive, both as to her liability

and its character. The judgment is an ordinary judgment *quod recuperet,* and her property was liable to be sold upon execution to satisfy it.

We can not enter into a consideration of the validity of the judgment, 1st, because the complaint affirms its validity ; 2d, because this is a collateral proceeding and a party can only obtain relief from a judgment rendered by a court of competent jurisdiction, by a direct proceeding.

The record affirmatively shows that the levy was vacated by an order of the court, made upon the petition of the administrator of the person who owned the real estate at the time the levy was made, and that all the parties, having an interest in the execution and the land, were before the court. The judgment of a court, having jurisdiction of the subject-matter and of the person, vacating a levy, is conclusive. It is not important how the question came before the court, provided there was jurisdiction and a judgment.

The judgment upon a petition of an administrator for the sale of lands stands upon the same footing, so far as collateral attacks are concerned, as other judgments.

There is nothing in the judgment showing that appellant was a surety, and the rule declared in *Johnson* v. *Harris,* 69 Ind. 305, applies only where the question of suretyship has been judicially determined.

It is a familiar rule that a party must recover, if at all, upon the case made by his complaint. A plaintiff can not state one cause of action and recover upon another. The cause of action shown in the appellant's complaint is, that the judgment described has been satisfied, and this it devolved upon her to establish. This she failed to do, for it is conclusively shown that the levy which she relied upon as a satisfaction of the judgment was no satisfaction. She made a *prima facie* case when she proved the levy and sale, but this was completely overthrown when it appeared that the circuit court, upon the petition of the administrator of the deceased judgment debtor, had vacated and annulled the levy.

An execution defendant is not entitled to have a judgment entered satisfied simply because a levy has been made on property. A levy is only a conditional satisfaction, it is not an absolute satisfaction. In *United States* v. *Dashiel*, 3 Wal. 688, it was said of the effect of a levy : " Rightly understood, the presumption is only a *prima facie* one in any case, and the whole extent of the rule is that the judgment is satisfied when the execution has been so used as to change the title of the goods." In *Lindley* v. *Kelley*, 42 Ind. 294, it was said : " We have found no authority which holds that a mere levy, without reference to the sufficiency of the property to pay the debt, raises a presumption of satisfaction. None of the decisions assumes that a levy produces any absolute satisfaction. It is a satisfaction *sub modo.*" In the present case, the evidence shows that the real estate levied on was encumbered for far more than its value.

Petition overruled.