McKinnon *v.* Zechiel.

[No. 14,173. Filed August 11, 1931.]

*William J. Reed,* for appellant.

CURTIS, J.—This is an action by the appellant against the appellee to recover the balance of the purchase price of the sale of some cattle by appellant to appellee. The contract of sale was in writing. The appellant agreed to furnish the appellee with registration papers for the cattle sold. At the time the cattle were delivered, appellant was not able to deliver all of the registration papers, and appellee, under the contract, reserved the right to retain $300 of the purchase price pending the delivery of the registration papers. All of the contract price was paid except this $300, which is the subject of this action. Appellant, in his complaint, alleged that he had performed all of the contract on his part to be performed, and that appellee was indebted to him in the sum of $300, for which he asked judgment.

To the complaint, appellee filed an answer in five paragraphs, the first being a general denial, the second alleging that certain registration papers were to be obtained by appellant for the cattle sold by appellant to appellee and that $300 was to be retained until these papers were delivered to appellee. It was further alleged in this paragraph of answer that appellant, through his agent, informed appellee that appellant would not secure the registration papers. The third paragraph of answer alleged that the contract sued on was executed without any consideration, and the fourth paragraph alleged that, as to $300 of said contract price, the same was executed without any consideration, and the fifth paragraph of answer alleged that the contract in excess of $3,100 was executed without any consideration. To the second, third, fourth and fifth paragraphs of answer, appellant filed a reply in general denial.

The cause was submitted to the court without the intervention of a jury, and both sides requested special findings of fact and conclusions of law. The court made eight findings of fact and stated two conclusions of law thereon, and rendered judgment against appellant, from which judgment the appellant has prosecuted this appeal.

In his assignment of errors, the appellant says: (1) The court erred in its conclusion of law No. 1; (2) the court erred in its conclusion of law No. 2; (3) the court erred in overruling appellant's motion for a new trial.

The motion for a new trial assigns five grounds, by the first three of which the sufficiency of the evidence to sustain the findings of fact is sought to be presented. The fourth ground of the motion for a new trial is that "the finding of the court is contrary to law," and the fifth ground that the court erred in permitting Earl Zechiel, while testifying on behalf of the defendant, to answer, over the objections of the plaintiff, certain questions numbered A to G in the motion for a new trial.

Appellee has failed to furnish us a brief, and, under the rules and decisions of the Supreme Court and this court, this will be taken to be a confession of error, provided the appellant has made a *prima facie* showing of reversible error.

Our inquiry then is to determine whether or not the appellant has made a *prima facie* showing of reversible error.

The facts found by the court are substantially as follows: That, on the first day of November, 1928, appellant was the owner of certain registered live stock, and appellee was in the business of buying and selling live stock; that on said date a written contract was entered into by appellant and appellee, under the terms of which contract, appellant agreed to sell to appellee

certain live stock named in said contract, and that the appellee agreed to buy said cattle consisting of 47 head; that appellant was to keep said cattle until November 15, 1928, and, in the meantime, was to secure registration papers for the offspring of all cattle at that time registered; that appellee agreed to pay the sum of $3,-400 for said cattle, $250 of which was to be paid in cash, and the balance of $3,150, was to be paid upon delivery of said cattle on November 15, 1928, and that appellant and appellee agreed in said contract that, in the event the registration papers were not completed upon the delivery of the cattle, appellee should retain the sum of $300 of the purchase price pending the delivery of said registration papers. The court then sets out the written contract between the parties. It was further found by the court that appellant authorized one Harry Rinker to deliver the said stock to appellee and that Rinker did deliver all of said stock to appellee, but that, at the time of delivery of said stock by the appellant, no registration papers of any kind were furnished and delivered by appellant to appellee, but that, three or four days thereafter, appellant, through said Harry Rinker, delivered to a boy by the name of Williams, registration papers to three of the cattle, but that said boy never delivered the said registration papers to appellee. The court further found that appellant had delay and trouble in securing proper registration papers, but that he did, on August 21, 1929, deliver to appellee, through the United States mail, registration papers for all of the live stock sold, except the registration papers for the three head of cattle for which papers had been delivered by appellant to the boy, Williams. It was further found by the court that appellee, a few weeks after the delivery to him of the cattle, sold some of them at private sale, and that, on February 15, 1928 [1929] appellee sold the balance of said cattle at public auction, with-

out delivery to the purchasers of registration papers. The court further found that appellee failed and refused to pay appellant the said sum of $300. It was further found by the court that, subsequent to the making of the written contract, appellant and appellee had a conversation wherein appellant promised to deliver the registration papers to appellee at an early date. The court further found that, acting for appellee, Arthur Williams and his son received the cattle from appellant, and that, while driving the cattle away, Arthur Williams told Harry Rinker to deliver the registration papers for three of the cattle to the Williams boy, and that Rinker did a few days later deliver said registration papers to said boy as directed by Arthur Williams.

Upon these findings of fact, the court stated its conclusions of law, as follows: (1) That the plaintiff take nothing by the complaint; and (2) that the defendant recover his costs. Upon these conclusions of law, the court entered judgment in accordance therewith.

We will take up first the alleged error of the court in permitting the witness, Earl Zechiel, to answer, over the objections of the appellant, questions denominated A to G, as shown in the fifth ground in the appellant's motion for a new trial. At no place in the appellant's brief has he set out the objections to the questions, nor has he pointed out whether or not any exceptions were taken to the rulings of the court, and, at no place in the appellant's brief, has he pointed out the page and line of the transcript where said objections and exceptions may be found. Under the well-established rules of this court, no question is presented on the admission of the evidence pointed out in ground five of the motion for a new trial. *Cornelius, Exr.,* v. *Thomas* (1929), 90 Ind. App. 254, 167 N. E. 563; *Allen, Exr.,* v. *Etter* (1931), 92 Ind. App. 297, 175 N. E. 286.

We have taken the pains to read carefully all of the

evidence in this case, and we are convinced that the evidence and the inferences properly deducible therefrom, are sufficient to sustain the findings of fact. Upon these findings of fact, the court stated its conclusions of law as above set out. It is our opinion that the conclusions of law as stated by the court are supported by the findings of fact, and that no reversible error has been shown by appellant to have been made by the trial court.

Judgment affirmed.