REIMAN *v.* TERRE HAUTE SAVINGS BANK.

[No. 14,708. Filed December 8, 1932. Rehearing denied
April 6, 1933.]

*Beasley, Aikman, O'Brien & Beasley,* for appellants.

*Donald Baker, Harry J. Baker* and *Charles H. Bedwell,*
for appellee.

CURTIS, C. J.—This was an action begun by the appellee to set aside certain conveyances of real estate as fraudulent, made by William R. White during his lifetime. The complaint consisted of two paragraphs, to each of which a general denial was filed. There was a trial before the court, resulting in a finding and judgment for the appellee setting aside said conveyances. The appellants filed a separate and several motion for a new trial which was overruled and an exception taken and this appeal prayed and perfected.

The assignment of errors and the errors relied upon for reversal are the same and are in substance that the court erred in overruling appellants' separate and several motion for a new trial. The causes in the motion for new trial, relied upon by the appellants, are as follows: "(1) That the decision of the court is not sustained by

sufficient evidence. (2) That the decision of the court is contrary to law."

It is disclosed by the record that the appellee on, October 1, 1929, during the lifetime of the said William R. White, instituted an action against him and one Dennis Shea upon a promissory note dated October 21, 1928, due in 6 months after date; that pending such suit White died and the appellant, Ernest L. Reiman, as administrator of the estate of said decedent, was, upon the order of said court, substituted as a party defendant; that thereafter, on December 27, 1930, there was finding and judgment in said cause in favor of the appellee, which finding and judgment, insofar as material to the instant case, were in substance: That the decedent, William R. White, executed the note sued on as surety for the defendant, Dennis Shea, and the property of said defendant Shea should be first levied on and exhausted before levying on the property of said decedent, and then, to quote: "It is further considered, ordered and adjudged by the court that execution be first levied on the property of said defendant Dennis Shea, and his property subject to execution be exhausted before levying on the property of said decedent." That on the 15th day of July, 1929, the said White, while indebted to the appellee on said note, executed warranty deeds, in which his wife joined, conveying all of his real estate, to his daughter, Stella C. Reiman, one of the appellants herein, which deeds were duly recorded on January 17, 1930; that Stella C. Reiman is the wife of her co-appellant, Ernest L. Reiman; that the deeds above mentioned are the conveyances sought to be set aside in the instant case.

The following facts appear to be undisputed: That William R. White was the surety on the note in question, and said Dennis Shea was the principal and that the court so found in the suit on the note heretofore mentioned; that the finding and judgment therein followed

the provisions of section 1291 Burns' R. S. 1926, which is as follows: "If the finding upon such issue be in favor of the surety, the court shall make an order directing the sheriff to levy the execution first upon and exhaust the property of the principal, before a levy shall be made upon the property of the surety; and the clerk shall endorse a memorandum of the order on the execution." That said Shea as such principal, at the time of the rendition of said judgment on said note, and continuously thereafter, was and is the owner of valuable real estate and personal property in Vigo County, Indiana, which he had secreted, to appellee's knowledge, by carrying the record title thereto in the name of a relative; that no execution was ever issued on said judgment and said property of Shea has not been exhausted; that White left no creditors unpaid with the exception of the appellee.

The appellee has failed to furnish us with a brief and under the rules and decisions of the Supreme Court and this Court this failure will be taken to be a confession of error provided the appellant has made a prima facie showing of reversible error. *Bryant et al.* v. *School Town of Oakland City et al.* (1930), 202 Ind. 254, 171 N. E. 378; *McKinnon* v. *Zechiel* (1931), 93 Ind. App. 1, 177 N. E. 333; *Burroughs* v. *Burroughs* (1913), 180 Ind. 380, 103 N. E. 1.

It is contended by the appellants that, even if Shea were insolvent (which they deny), under the holding in *Johnson et al.* v. *Harris* (1879), 69 Ind. 305, that fact would not be ground for levying on the property of the surety before levying on that of the principal; that the very judgment upon which the appellee must rely provided that Shea's property must first be exhausted; that in accordance with the principle laid down in *Brumbaugh* v. *Richcreek* (1890), 127 Ind. 240, 26 N. E. 664, 22 Am. St. Rep. 649, a creditor is not author-

ized to interfere with any disposition which his debtor may make of his property so long as he is not injured thereby.

We believe the appellant has made a prima facie showing of reversible error. The appellee having failed to file a brief in support of the judgment, and the appellant having made, at least, a prima facie showing of reversible error, judgment is reversed without prejudice to either party with instructions to grant a new trial and for further proceedings not inconsistent with this opinion.

Judgment reversed.