HUESEMAN v. NEAMAN.

[No. 14,719. Filed November 23, 1933.]

*C. W. McMullen,* for appellant.

SMITH, J.—This action was brought in a justice of the peace court by appellee against appellant in replevin to recover the possession of an automobile which had been in the garage of appellant, Hueseman, for repairs. There was a finding and judgment for appellee from which an appeal was taken to the Dearborn Circuit Court of Dearborn county, Indiana, by the appellant. This cause was submitted to the court and jury for trial, which resulted in a verdict for appellee, the jury finding that appellee was entitled to the possession of the automobile in controversy, and that the same was unlawfully detained by appellant and was of the value of $180.00, and giving appellee damages for the detention

thereof in the sum of $20.00. Appellee remitted $19.00, and judgment was rendered upon the verdict for the return of the property and $1.00 damages.

The amended complaint, upon which the case was tried in both the justice of the peace and circuit courts, alleged in substance that appellee was the owner and entitled to the possession of one Pontiac roadster automobile; that appellant had possession of it without right, and unlawfully detained it from appellee. Judgment was asked for the recovery of the property and damages for its detention.

There was an affirmative answer filed in the justice court to the original complaint, and afterward, before trial, appellee filed an amended complaint to which appellant did not file any answer. However, under the statute, section 1901, Burns Ann. Stat. 1926 (§1889, Baldwin's Ind. Ann. Stat, 1934), all matters of defense, except the statute of limitations, set-off, matter in abatement, and where the execution of a written instrument or an assignment is denied, may be given in evidence without a plea. Upon appeal to the circuit court, the case is tried de novo, and the same rules governing pleadings in the justice court apply; so, all matters of defense in this action, except as above stated, could be put in evidence without answer.

The appellant claimed in the lower court as a defense to this action that on the 20th day of August, 1931, the appellee employed appellant to repair the automobile in question, and left it with him; that the repairs were made at the request of appellee to the amount of $110.00 and were due and unpaid; that appellant was holding possession of the automobile in order to secure the payment for such repairs; that appellant has a lien on said automobile for the value of the repairs, and had filed his notice thereof under the statute (4 Burns Supplement 1929, sections 9844-9849, inclusive, §§10534-10539,

Baldwin's Ind. Ann. Stat. 1934); that appellant was entitled to the possession of the automobile until this sum was paid.

Appellant seasonably filed his motion for new trial, and only three of the reasons set forth therein are duly presented in this appeal; namely, (1) the verdict is not sustained by sufficient evidence; (2) the verdict of the jury is contrary to law; (6) the court erred in giving the jury of its own motion each of the instructions separately and severally numbered from (1) to (25) inclusive. The sixth reason for a new trial questions the giving of each of the instructions given by the court upon its own motion, but in appellant's brief there are only four instructions questioned; namely, 4, 7, 8 and 9.

This motion for new trial was overruled by the court, the overruling of which is the only error assigned for reversal.

The appellee has failed to file a brief. This may be considered as a confession of error, and the court may, in its sound discretion, determine the questions presented in the appellant's brief; or it may reverse the judgment without considering the appeal on its merits, provided the appellant's brief makes a prima facie showing of reversible error. *Bryant et al.* v. *School Town of Oakland City et al.* (1930), 202 Ind. 254, 171 N. E. 378, 173 N. E. 268; *Dodgem Corporation* v. *D. D. Murphy Shows, Inc.* (1932), 96 Ind. App. 325, 183 N. E. 699.

It is incumbent upon this court to determine whether appellant has presented a prima facie showing of reversible error in his brief. We hold that such showing has been made.

The facts in this case show that the appellee, Neaman, on August 20, 1931, brought his car to the home of the appellant's son, Clarence Hueseman, who worked for his father as a mechanic in his garage, for the purpose of

having said Clarence remove a knock in the motor of his car; from here, appellee, accompanied by said Clarence, who drove the automobile in order to test it, went out upon the public highway; and that, while they were driving along said highway, another automobile approached the car of appellee at a high rate of speed upon the pavement, which at the time was slippery, and on account of such speed and condition of the pavement skidded and struck appellee's car, and damaged the same; that after the collision, the driver of the other car offered to take appellee's car to a certain garage, and pay for the repairs, but that appellee ordered the car taken to appellant's garage for such repairs; that appellee gave directions to appellant as to the manner of fixing his car, and what was to be done.

The evidence further shows that the collision occurred through no fault of appellee, nor of Clarence Hueseman, driver of appellee's car at that time; that thereafter, several times before the car was finished, appellee called at the garage of appellant to inquire about it; that in the meantime, appellant loaned to appellee another car to enable him to take a trip to the city of Indianapolis; that, during the progress of the repairs, appellee ordered additional work to be done in that he directed that the wheels be painted; that on September 12, 1931, appellee called at appellant's garage and paid for the painting of the wheels; that at the same time, when appellant asked appellee for the balance of the repair bill for the car, as it was then finished, appellee replied, "Get that from the other fellow," meaning the one who skidded into the car on the highway; that then, because appellant told appellee he would not get the car unless he paid for it, appellee got the keys from the car, and appellant took out the rotor arm, in order to prevent appellee from moving it; that on this same day appellant filed a notice for a mechanic's lien which was re-

corded on the following Monday, September 14, 1931, and on that same day notice was sent to appellee; thereafter, also on the same day, appellee called upon appellant, together with his (appellee's father, Charles Neaman) and offered to pay appellant one-half of the bill for such repairs, which offer appellant refused to accept; that then appellee brought his action in replevin to obtain possession of the car, as aforesaid.

The evidence clearly shows that appellee employed appellant's son as his servant to repair his car, and, in order to discover the extent of the knock in said car, the appellee and son, Clarence Heuseman, took the car upon the highway to determine the extent of defects, if any. The evidence further clearly shows that the injury to the car occurred through no fault of the appellant, or his son, and that, after said collision had occurred, the appellee directed that his automobile be taken to the garage of the appellant for repairs; that the appellant filed notice of the mechanic's lien; that said lien was valid; and that at the time appellee took possession of said automobile from appellant under a writ of replevin, the appellant was entitled to the possession thereof until his charges for such repairs were fully paid. We hold that there is not sufficient evidence to sustain the verdict, and that said verdict is contrary to law.

Having arrived at this conclusion, we need not pass upon the question raised upon the instructions given by the court of its own motion, as the questions raised thereunder will not likely arise at another trial.

The judgment of the lower court is hereby reversed without prejudice to either party; and the lower court is ordered to sustain appellant's motion for a new trial, and for such other proceedings as may be consistent with this opinion.