### HUESEMAN *v.* NEAMAN.

[No. 15,367. Filed March 3, 1937.]

*Estal G. Bielby* and *C. W. McMullen*, for appellant.
*James C. Holder*, for appellee.

CURTIS, J.—This was an action in replevin originally brought in a justice of the peace court by the appellee against the appellant to recover the possession of an automobile and for damages for its alleged wrongful detention. By an appeal the cause was taken to the Dearborn Circuit Court where it was tried *de novo* before a jury resulting in a verdict and judgment in favor of the appellee. An appeal was then taken to this court (see cause number 14719, 97 Ind. App. 586, 187 N. E. 696) wherein the judgment was reversed and the cause remanded to the trial court for a new trial.

The amended complaint upon which the case was re-tried was in the usual form for a complaint in replevin in which both ownership and the right of possession were alleged to be in the appellee. In the appellant's answer it is alleged that the appellee employed the appellant to repair the automobile in question and that the appellant made said repairs of the value of $110.00 and that he was holding the possession of said automobile until he was paid for said repairs and that he has a lein on the automobile until he is paid, at which time he is ready and willing to surrender the possession to the appellee. At the second trial the cause was also

submitted to a jury resulting in a verdict for the appellee, upon which judgment was rendered. It is from this second judgment that this appeal is prosecuted, the error relied upon being alleged error in overruling the motion for a new trial which was timely filed. The appellant also seeks to base error upon the action of the trial court in overruling his motion for judgment on the answers to interrogatories propounded to the jury.

The appellee has failed to furnish us with a brief and under the rules and decisions of the Supreme Court and this court this failure will be taken to be a confession of error provided the appellant in his brief has made a prima facie showing of reversible error. See *Bryant et al.* v. *School Town of Oakland City et al.* (1930), 202 Ind. 254, 171 N. E. 378; *McKinnon* v. *Zeckiel* (1931), 93 Ind. App. 1, 177 N. E. 333; *Kratli* v. *Starke Co., etc., Bank* (1932), 95 Ind. App. 402, 183 N. E. 698; *Reiman* v. *Terre Haute Savings Bank* (1933), 96 Ind. App. 357, 183 N. E. 320. Our inquiry then is to determine whether or not the appellant has made such a showing.

The cause of action having originated before a justice of the peace, the same rules governing pleadings in the justice of peace court apply in the circuit court where the cause was tried. Accordingly the trial court was correct in the general conduct of the trial as shown by the record.

There was evidence tending to prove that the appellee had been a customer of the appellant's garage for several years; that he had purchased automobiles from the appellant and had purchased from him the automobile in question; that on August 20, 1931, the appellee went to the appellant's garage to have a knock removed from the motor of said automobile and that he desired to have Clarence, the son of the appellant, look after the car; that Clarence had been in the employ of the appel-

lant, his father, for some years as a mechanic, but that on the particular day in question Clarence had gone to his own home in the afternoon to do some painting for himself at his house, but that Clarence was on his father's pay roll at the exact time when the automobile was turned over to him by the appellee for inspection and repairs; that when the appellee reached the home of Clarence he turned the automobile over to him and that Clarence proceeded to drive the car to ascertain the cause of the knock; that while so driving the car he met with an accident by colliding with another car; that the driver of the other car told Clarence to have the damage occasioned by the accident repaired and that he would pay for same; that some question was made as to where the car should be repaired and that the appellee was told to select the place; that the appellee then expressed a desire that it be repaired at the appellant's garage, which was done; that the appellee later ordered some other repairs to the car to be made which were not occasioned by the collision and that he paid the appellant for said repairs but refused to pay for the repairs occasioned by the collision; that upon the refusal of the appellant to surrender possession of the automobile to the appellee except upon the payment to him for the repairs occasioned by the collision, the appellee brought this action in replevin.

The answers to the interrogatories are to the effect that the appellant's son was guilty of negligence when he was driving the car to test it for the knock and that his negligence contributed to the collision. There was no error in refusing to render judgment on the answers to the interrogatories.

Under the evidence in the case it was a question of fact for the jury to determine whether or not Clarence, the son, was negligent while driving the car and also to determine from the evidence whether or not he was the agent and employee of the appel-

lant at that time. Whether or not the appellee ordered these repairs to be made under such circumstances as to imply an obligation to pay for them was also a question of fact for the jury to decide. We think there was evidence to sustain the jury in the conclusion it evidently reached in each of these regards.

But the appellant in the motion for a new trial insists that the verdict of the jury was improperly affected by errors of law occurring at the trial to wit: the giving of alleged erroneous instructions; and that it is not sustained by sufficient evidence and is also contrary to law. We have read these instructions with some care. When they are considered together as a whole and not in isolated portions then it becomes apparent that the jury was fully and fairly instructed. We have not discovered a prima facie showing of reversible error.

Judgment affirmed.