GOOSSENS *v.* JENKINS.

[No. 15,580. Filed June 15, 1937.]

*David H. Padgett,* for appellant.

*Lewis & Lewis,* for appellee.

CURTIS, J.—This was an action by the appellant against the appellee upon a complaint in two paragraphs, the first seeking to set aside a deed to certain real estate, the prayer of which paragraph is as follows: "Wherefore, plaintiff prays for judgment against the defendant to convey said real estate back to him, and upon her failure so to do, that the court appoint a commissioner to make a deed to the plaintiff for said property, and for all other proper relief." The second paragraph sought to replevin certain personal property, the prayer of which paragraph is as follows: "Wherefore, plaintiff prays judgment against the defendant ordering said defendant to return said property to the plaintiff and for all proper relief." To each of the two paragraphs of the complaint the appellee filed a general denial. The cause was submitted to the court for trial

without the intervention of a jury resulting in a finding for the appellee upon which judgment was entered.

In due time the appellant filed a motion for a new trial which was overruled with an exception and this appeal prayed and perfected, the error assigned being the ruling on said motion. The causes or grounds of the motion for a new trial are that the decision of the court is not sustained by sufficient evidence and is contrary to law.

The appellee has failed to furnish us with a brief and under the decisions of the Supreme Court and this court this failure will be taken to be a confession of ■ error provided the appellant in his brief has made a prima facie showing of reversible error. See *Bryant et al.* v. *School Town of Oakland City et al.* (1930), 202 Ind. 254, 171 N. E. 378; *McKinnon* v. *Zechiel* (1931), 93 Ind. App. 1, 177 N. E. 333; *Kratli* v. *Starke Co., etc., Bank* (1932), 95 Ind. App. 402, 183 N. E. 698; *Reiman* v. *Terre Haute Savings Bank* (1933), 96 Ind. App. 357, 183 N. E. 320. Our inquiry then is to determine whether or not the appellant has made such a showing.

It is the appellant's main contention that he deeded the real estate in question to the appellee and likewise gave her the said personal property in contempla- ■ tion of marriage and that since the marriage was not consummated that he should have a return of the property. The appellee's principal contention, as disclosed by the evidence, is that the transaction was a Christmas gift. The relations that existed between these parties, as shown by the undisputed evidence, was of such an unsavory nature that we deem it inexpedient to detail it herein. The appellee was at all times a married woman and the understanding seems to have been that the appellant would assist her in getting a divorce and then they would intermarry. In the meantime they lived together in the house and conducted an illicit liquor

business. Following a quarrel as to a division of the money obtained in said business, the appellant packed his belongings and moved out of the property. The appellee as a part of her defense introduced the following written instrument. "I gave Mary Alice Jenkins a four-room house at 1227 Ridgeway Ave., for a Christmas gift. Signed John B. Goossens." The real estate referred to is the same as that covered by the deed. The appellant admitted that the above instrument was in his handwriting and that he signed the same.

We have read all of the evidence presented by the appellant including the evidence last above set out. We cannot say that the decision of the court is not sustained by some evidence or that it is contrary to law. The appellant has not made a prima facie showing of reversible error.

Judgment affirmed.